I. & G. N. R. R. Co. v. Kate Cooke et al.

(Case No. 5454.)

1. DAMAGES.—Reasonable expense incurred in taking care of and curing an animal injured by the wrong of a railroad company can be recovered.

2. RAILWAYS—NEGLIGENCE.—Where a railway line is not fenced, the law presumes negligence on the part of the company if stock are injured by the passage of a train; if the right of way is fenced, the burden of proving the want of due care rests upon the plaintiff seeking damages for such injury.

3. SAME—DAMAGES.—The liability of the company for damages to stock at a public crossing, or any point which public convenience prevents from being fenced, is the same as if the road were fenced at that point. If stock are lawfully running at large within an incorporated town and are run over at a public crossing, the company is liable if its agents fail to exercise ordinary care. But if there is a city ordinance in force at the time and place where the injury occurs, by which the running of animals at large is made unlawful, the company will not be responsible for injury done to animals trespassing upon its track, unless the conduct of its employees amounts to gross

negligence. It is presumed that owners of cattle will obey the ordinance, and as there is no probable danger, it is enough that the employees of the company use such care, after the danger is discovered, as a prudent man would use under similar circumstances. Thus a plaintiff may recover, even if his own negligence exposed him to the risk, if the defendant, after becoming aware of the danger, failed to exercise reasonable care.

4. GROSS NEGLIGENCE.— Gross negligence is an entire failure to exercise care, or the exercise of so slight a degree of care as to justify the belief that there was an indifference to the interest and welfare of others.

5. BURDEN OF PROOF — DAMAGES.— The corporation of San Antonio embraces an area of thirty-six square miles, a small portion only of which is covered with buildings or laid out in streets. In a suit against a railway company for damages, resulting from the killing of a domestic animal within such corporate limits by its train, *held*, that the burden of proof was on the railway company to show that the place at which the animal entered upon its track was one which the company was not permitted under the law to fence.

6. DILIGENCE — NEGLIGENCE.— The diligence which one should use is in each case proportioned to the duty; where no duty exists, only a slight degree of care is required.

7. NEGLIGENCE.— If cattle enter unlawfully on a railway track which is fenced up by the company, or at a place where by law such cattle are prohibited from running at large, the company will not be liable in damages for their injury by a moving train, if its employees use such care, after the danger becomes known, as a prudent man would under the same circumstances use to avoid the injury.

8. CASES APPROVED AND FOLLOWED.— H. & T. C. R'y Co. *v.* Smith, 52 Tex., 178; H. & T. C. R'y Co. *v.* Sympkins, 54 Tex., 618; H. & T. C. R'y Co. *v.* Richards, 59 Tex., 377, followed.

APPEAL from Bexar. Tried below before the Hon. G. H. Noonan.

On the 12th of July, 1883, Mrs. Kate Cocke, joined by her husband, brought suit in the district court of Bexar county, Texas, against the I. & G. N. R. R. Co. for damages caused by the killing and injury of stock, and recovered judgment for $300. A motion for a new trial being overruled, defendant appealed.

*McLeary & Barnard,* for appellant, on remote damages, cited: Brandon *v.* Manufacturing Co., 51 Tex., 128; Sedg. on Meas. Damages, 66.

On the instructions of the court, they cited: R. S., arts. 1317, 4245; 13 Amer. & Eng. R. R. Cases, 578, and note.

*Cocke, Denman & Franklin,* for appellees, on remote damages, cited: Willis *v.* Donac, 61 Tex., 588.

On the instructions of the court, they cited: Dill. Mun. Corp., vol. 1, secs. 250, 251, and notes; Cooley's Const. Lim. (4th ed.), pp. 235, 236, 241, 242, 257, 258; City Charter, Special Acts Legisla-

ture, August 13, 1870; Brownson v. Scanlan, 59 Tex., 222; Wells v. Barnett, 7 Tex., 584; W. & W. Ct. App. Civ. Cases, secs. 1006, 1148 and 1171; W. & W. Ct. App. Civ. Cases, secs. 263, 844; Willson's Com. App. Cases, vol. 2, parts 3 and 4, sec. 374; Dill. Mun. Corp., sec. 346, note 2, sec. 350; Wade on Retroactive Laws, sec. 172.

STAYTON, ASSOCIATE JUSTICE.— It is immaterial what may have been the defect in the citation, and what may have been the ruling of the court on the motion to quash it, for the motion was filed September 23, 1883, and the cause was not tried until the second term thereafter.

If the motion had been sustained, the cause would have stood for trial at the term at which it was tried, and even at the preceding term, without further service of citation; consequently the appellant could not possibly have suffered any injury from the ruling of the court, even if erroneous. I. & G. N. R'y Co. v. Brett, 61 Tex., 486.

If, in consequence of the wrong of the appellant, the cow of the appellee was so injured as to render it necessary to incur expense in taking care of and curing her, then the appellant was liable for such reasonable expenses as were necessarily incurred in this respect, and the court correctly so charged. Watson v. Proprietors of Lisbon Bridge, 14 Me., 205; Gillett v. Western R. R. Corporation, 8 Allen, 563; 2 Sedgwick on Measure of Damages, 315, note a.

The court instructed the jury, in effect, that the appellees were entitled to recover damages if the animals were injured by the cars of appellant, without making the liability of the appellant in any respect to depend upon whether the injury resulted from the negligence of the appellant or its employees.

The statute declares that " each and every railroad company shall be liable to the owner for the value of all stock killed or injured by the locomotives and cars of such railroad company, in running over their respective railways, which may be recovered by suit before any court having competent jurisdiction of the amount. If the railroad company fence in their road, they shall only then be liable in cases of injury resulting from the want of ordinary care." R. S., 4245.

Under the first subdivision of this article the question of negligence on the part of a railway need not be presented by evidence, for the law presumes that it exists if the railway be not fenced, i. e., that the failure to fence is conclusive evidence of the want of the exercise of due care.

If, however, the road be fenced, then the burden of proving the want of due care rests upon a plaintiff who sues to recover for injuries done to his stock.

Under statutes in effect the same as in force in this state, it has been held that the general terms used in such statutes imposing a liability on railway companies for injuries done to animals, unless their railways are fenced, do not apply to such places as public necessity or convenience require should be left unfenced, as the streets of a city or town, depot and contiguous grounds, the crossings of highways and other like places. R. R. Co. v. Shriner, 6 Ind., 141; R'y Co. v. Rowland, 50 Ind., 353; R. R. Co. v. Kinney, 8 Ind., 402; Soward v. R. R. Co., 30 Iowa, 552; Soward v. R. R. Co., 33 Iowa, 387; Davis v. R. R. Co., 26 Iowa, 551; R. R. Co. v. Lull, 28 Mich., 510; Iba v. R. R. Co., 45 Mo., 473; I. & G. N. R. R. Co. v. Leuders, White & Willson's Condensed Cases, § 314; I. & G. N. R. R. Co. v. Smith, id., § 844.

This construction is manifestly correct, and would be necessary to harmonize the article in question with other parts of the act of which it is a part, and with other statutes in force in this state.

Article 4170, Revised Statutes, declares that "such corporation shall have the right to construct across, along or upon any stream of water, water-course, street, highway, plank-road, turnpike or canal, which the route of said railway shall intersect or touch; but such corporation shall restore the stream, water-course, street, highway, plank-road, turnpike or canal thus intersected or touched, to its former state, or to such state as not to unnecessarily impair its usefulness, and shall keep such crossings in repair."

Any other construction would make article 4245 in conflict with articles 4362, 4363, and with article 405 of the Penal Code.

It appears that the animals were injured within the corporate limits of the city of San Antonio; but whether this occurred in such part of the city limits that it would have been impracticable or unlawful for the railway company to fence is not conclusively made to appear by the evidence.

There is, however, some evidence tending to show that the injury was inflicted at a point on the appellant's railway at which it could not properly have fenced.

The city of San Antonio embraces an area of thirty-six square miles, and the mere fact that the railway passes through the corporate limits of the city would of itself furnish no reason why it should be relieved from the responsibility imposed by the general statute if the road be not fenced; but the evidence, while not very full,

tends to show that the injury occurred at the place where the railway crosses the Fredricksburg road.

Where an injury, such as is complained of in this case, occurs within the limits of a town or city, it rests with the railway company to show that the place at which the animal entered was one which under the law it would not be permitted to fence. R. R. Co. v. Lull, 28 Mich., 510.

This fact, however, is one to be established like any other fact, and where there is evidence before a jury from which the inference may reasonably be drawn that such was the character of the place, then a jury should not be instructed to find for the plaintiff, upon proof of the injury, without reference to whether the defendant had exercised due care; for if the injury occurs at a place where there is no right to fence, then the railway company is liable only for a failure to exercise reasonable care. Davis v. R. R. Co., 26 Ia., 552.

As there was evidence from which the jury might have found that the animals were injured at a place at which the appellant was not required to fence its road, it was error for the court to make the right of the appellee to recover depend upon whether the animals were injured by the train of appellant, without reference to the degree of care used.

The appellant asked several instructions which were refused, and the rulings in this respect are assigned as error.

The first instruction asked by the defendant was as follows:

"If the jury believed from the evidence that the animals killed and injured were so killed or injured while running at large within the city limits, then the plaintiffs cannot recover, unless they show that there was gross negligence on the part of the employees of the railroad company."

It was not error to refuse this charge, for the cattle may have been lawfully running at large within the city limits, and injured at a place which might have been fenced by the appellant; and if so, it was liable if it did not use ordinary care.

They may have been lawfully running at large when injured, and if so, even though injured at a place which the railway could not fence, still, while it would not be liable if it exercised ordinary care, it would be liable if it used a less degree of care — a degree of care so slight as to amount to gross neglect.

The third instruction asked by the defendant was as follows:

"The jury must be satisfied that the cattle were killed and injured by the railroad company's trains through the negligence of the defendant's employees, or the plaintiffs cannot recover."

For reasons before given this charge was properly refused.

The fifth instruction asked by the defendant was as follows:

"If the jury believe from the evidence that the cattle killed or injured, or either of them, was on a public road or street of the city, then they cannot find for the plaintiffs, unless they further believe that the employees of the railroad company were guilty of gross negligence in causing the injuries."

This instruction was properly refused; for if, as before said, the cattle were running at large and were in a public road or street, within the limits of the city, which could not be legally fenced by the appellant, then the appellant would be responsible if it caused the injury by failing to use ordinary care; by which is meant such care as a prudent man would usually exercise under like circumstances.

The charge would have relieved the appellant from liability if it exercised a degree of care less than that which is in law deemed ordinary care, while under the facts assumed by the charge, ordinary care must have been used to relieve the appellant from liability, unless the animals were unlawfully on the track, which will be hereafter considered.

Negligence cannot be considered "gross" unless evidenced by an entire failure to exercise care, or by the exercise of so slight a degree of care as to justify the belief that the person on whom care was incumbent was indifferent to the interest and welfare of others. Shearman & Redfield on Negligence, 18, 600.

It was proved that an ordinance existed in the city of San Antonio, at the time of the trial, which provided that "It shall be unlawful for horses, mules, jacks, jennets, cattle, sheep, goats and swine to run at large in the city of San Antonio."

It does not appear, however, whether this ordinance was in force at the time the animals were injured.

This evidence having been offered, the following charges were asked and refused:

"The ordinance of the city of San Antonio (chapter II, section 1) is in evidence before you, and you will consider this in connection with the other evidence in making up your verdict."

"If the jury believe from the evidence that the cattle were killed and injured while running at large within the city limits contrary to law, then the plaintiffs are guilty of contributory negligence in suffering their cattle to so run at large, and they cannot recover in this case."

The grounds upon which these charges were refused do not appear;

and it may be that it was because there was no proof from which the jury could have found that the animals were running at large within the limits of the city, at the time they were injured, in violation of any existing valid ordinance of the city. This would have been a sufficient reason for rejecting the charges; for charges should not be given unless there be evidence of the facts on which such charges are based.

In view, however, of the future disposition of the case, we deem it proper to state the reasons and rules which we think should control it.

If a railway fences its track it is not liable for such injuries if ordinary care be used.

If by reason of the public character of a place it cannot be fenced, then, to relieve a railway company from liability for injury done to animals running at large at such place, it is requisite that it use ordinary care; for in the absence of some statute, or ordinance having the effect of a statute, it is not unlawful in this state for the owner to permit animals by their own volition to enter and remain upon the uninclosed lands of another.

If, however, there be a valid ordinance of a city, or a statute, in force at the time and place where the injury occurs, by which the running at large of animals is made unlawful, then the entry of the animals upon a railway track or other uninclosed land is a trespass.

In such case, a railway company will not be responsible to owners for injury done by its cars to animals entering upon its track, unless the conduct of its employees amounts to gross negligence as heretofore defined; for under such circumstances railway companies are entitled to presume that all persons will comply with the law which forbids the owner to permit his animals to run at large; hence, are excused from the exercise of that care which will not be necessary if the owner complies with the law — are excused from the exercise of such care as they would exercise were it lawful for animals to be at large and therefore expected to be so.

The probability of danger from a given cause must be considered in determining whether negligence exists, as well as the grade. Wharton, 47.

If not probable, what would be considered a failure to use ordinary care were the cause from which the danger results probable, or reasonably to be expected, would often not constitute negligence, or if so, would constitute but a slight degree of negligence.

The diligence in a given case required is proportioned to the duty. Wharton, 48.

Where no duty exists, but a slight degree of care can be required.

Common carriers contract with passengers for safe carriage, in so far as the same can be secured by the exercise of a high degree of care, and as railway travel is surrounded with many and unknown dangers, all the probabilities of danger must be provided against, in so far as the exercise of a high degree of care, skill and foresight can do so. This duty grows out of the contract.

When, however, it is unlawful for animals to run at large, the probability is that they will not be permitted to do so; for it may be presumed that the owner will obey the law, and thus most effectively protect his own.

If, in the absence of any further obligation to the owners of animals than that which arises from the general obligation to exercise care to avoid a known or probable danger, resting upon railway companies and persons alike, cattle unlawfully enter upon a railway track, it is enough that the employees of the company use such care, after the danger becomes known, as a prudent man would, under the same circumstances, to avoid injury.

This is but, in effect, the application of the well settled rule that a plaintiff may recover, even if his own negligence exposed him to the risk of injury, if the defendant, after becoming aware of the danger, failed to use ordinary care to avoid the injury. S. & R. on Neg., 36, 493.

When the danger becomes known, the failure to use such care as a prudent man would, under the circumstances, amounts to indifference, from the consequences of which no one ought to be excused.

There are many cases holding that railway companies are not responsible for injuries to animals unlawfully upon their tracks; but we believe the better rule to be that above stated, which we understand to be in harmony with the former decisions in this state. H. & T. C. R. R. Co. v. Smith, 52 Tex., 178; H. & T. C. R. R. Co. v. Sympkins, 54 Tex., 618; H. & T. C. R. R. Co. v. Richards, 59 Tex., 377.

It is unnecessary to consider whether the evidence was sufficient to show that the property was the separate property of Mrs. Cooke, or to show that she was entitled to recover for labor performed or expenses incurred in effecting the cure of the injured animal; for the same questions are not likely to arise upon another trial, at which the facts bearing upon all the questions in the case may be more fully developed than they are in the record before us. For the reasons indicated the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered May 12, 1885.]