MO. PAC. R'Y CO. v. J. A. & E. T. LAWLER.

(No. 3587.)

APPEAL from Hill County.   Opinion by WHITE, P. J.

*(Transferred from Austin.)*

ABNEY & PENDLETON, counsel for appellant.

B. D. TARLTON, counsel for appellees.

§ 19. *Liability of railroad for killing stock in locality where it is unlawful for stock to run at large; plaintiff must prove gross negligence on part of defendant, when; case stated.*   Appellees recovered judgment against appellant for damages for two of their hogs which had been killed by appellant's train.   The hogs were killed in a locality where the law known as the stock law had been adopted, which law prohibited the running at large of hogs, goats and sheep.   [R. S. arts. 4592–4610, inclusive.]   At the place where the hogs were killed the railroad track was not fenced.   The trial court charged the jury, substantially, that notwithstanding the stock law was in force in that locality, if the employees of appellant negligently killed the hogs, appellant was liable for the damage.   *Held* error.   Under the facts of this case, to render the railroad company liable for such damage, it devolved upon appellee to prove *gross* negligence on the part of the company's employees resulting in the killing of the hogs.   In The I. & G. N. R. R. Co. v. Cocke, 64 Tex. 151, the animals were killed in a city where an ordinance was in force making it unlawful for them to run at large, and the court says:   "If there be a valid ordinance of the city in force at the time and place where the injury

38

occurs, by which the running at large of animals is made unlawful, then the entry of the animals upon a railway track, or other inclosed land, is a trespass. In such case a railway company is not liable to owners for injury done by its cars to animals entering upon its track unless the conduct of its employees amounts to gross negligence; for under such circumstances railway companies are entitled to presume that all persons will comply with the law which forbids the owner to permit his animals to run at large; hence are excused from the exercise of that care which will be necessary if the owner complies with the law,—are excused from the exercise of such care as they would exercise were it lawful for the animals to be at large, and therefore expected to be so."

§ **20.** *Gross negligence; definition of.* Gross negligence is thus defined: "Negligence cannot be considered 'gross,' unless evidenced by an entire failure to exercise care, or by the exercise of so slight a degree of care as to justify the belief that the person on whom the care was incumbent was indifferent to the interest and welfare of others." [I. & G. N. R. R. Co. v. Cocke, *supra*, citing Shear. & Red. on Neg. § 18, p. 600.]

November 11, 1885.          Reversed and remanded.