Opinion delivered May 6, 1887

---

No. 5783.

## INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY *v.* M. T. DUNHAM.

1. NEGLIGENCE—RAILWAY COMPANIES.—In the absence of evidence that an injury to cattle running at large in the settled portion of an incorporated town at a railway depot, was caused by the negligence of a railway company whose engine inflicted the injury, no damages can be recovered.

2. CASE FOLLOWED.—The decision in International & Great Northern Railroad Company v. Cocke, 64 Texas, 151, to the effect that the general terms of the statute imposing a liability on railway companies for injuries done to animals unless their railways are fenced, do not apply to such places as public necessity or convenience require should be kept unfenced, such as the streets of a town, depot and contiguous grounds, crossings of highways, and other like places, followed.

3. EVIDENCE.—In a suit against a railway company for an injury inflicted
by its engine on animals running at large, it is competent for the com-
pany to prove that under a local law, stock were not permitted to run at
large at the place where the injury was inflicted. Where such a law
exists the company would only be liable when guilty of gross negligence.

4. DAMAGES.—When a railroad is owned by one company, and is, without
authority of law, leased to another company, both are liable for injuries
inflicted wrongfully by the lessee; the company owning the original fran-
chise because it could not relieve itself without legislative permission,
from liability for the acts and default of its lessee, and the lessee because
of its actual operation of the road.

APPEAL from LaSalle. Tried below before the Hon. D. P.
Marr.

*Elias Edmunds*, for appellant, on his proposition that the
court erred in refusing to give the second special charge asked
by defendant, viz: "That railroad companies are not bound
to fence their depot and station grounds in towns and villages,"
cited White & Willson's Civil Cases, sections 484, 314, 315; In-
ternational & Great Northern Railroad Company v. Cocke, 64
Texas, 151; 1 Rorer on Railroads, pages 486, 487, 622, 623 and
section 4, page 624; 19 American and English Railway cases,
608–623, 625.

No briefs for appellee have reached the Reporter.

WILLIE, CHIEF JUSTICE. The appellee was the owner of a
valuable sow and brood of pigs which he allowed to run at large
in the town of Cotulla, LaSalle county. Whilst trespassing
upon the track of appellants at their depot in Cotulla, they were
struck by the engine of a train, and the sow killed and one of
the pigs injured. This suit was brought to recover damages for
the injury, and the district court, to which the cause had been
removed by appeal from a justice's court, rendered judgment in
favor of the appellee for forty-two dollars and fifty cents, and
from that judgment this appeal is taken.

The plaintiff proved facts tending to show that the injury was
caused by the engine and cars of the defendant, and that the
railroad was not fenced at the place where it happened, gave
evidence of the amount of damages he incurred thereby, and
rested his case. The defendant proved that the accident occur-
red at its depot grounds within the town of Cotulla; that the
town was then built up on both sides of the track; and, if the

railroad was fenced there it would create a great inconvenience to the public, as they could not then pass without difficulty from one part of the town to the other. No proof of negligence of any character was proved against the appellants, the plaintiff relying solely upon their failure to fence their track as conclusive upon that point.

During the trial the defendants offered in evidence certain proceedings of the county court of LaSalle county showing that stock was by law, prohibited from running at large in precinct number one of that county, which embraced the town of Cotulla. Upon objection of plaintiff, these proceedings were excluded from the jury, and to this action the defendants reserved a bill of exceptions.

At the time this suit was tried below, the case of International & Great Northern Railroad Company v. Cocke, 64 Texas, 151, had not been published in our reports, and doubtless had not been published in our reports, and doubtless had not come to the knowledge of the learned district judge who presided at the trial, or he would have followed the principles there declared by this court. We then held that "the general terms of our statute imposing a liability on railway companies for injuries done to animals, unless their railways are fenced, do not apply to such places as public necessity or convenience require, should be left unfenced, such as the streets of a city or town, depot and contiguous grounds, the crossings of highways and other like places." These principles are supported by the numerous decisions cited in the opinion made upon statutes similar to our own, and constitute the settled law of our State upon this subject.

It was, however, said in that case that when an injury "occurs within the limits of a town or city, it rests with the railway company to show that the place at which the animal entered was one which, under the law, it was not permitted to fence." The corporation of a town or city often embraces territory which is not used by the public differently or to a greater extent than the same character of land in the country. To fence the road at such places would not interfere with the public convenience, and as to these places there is no reason why the railroad company should not comply with the statutory requirement. The burden of showing that the company is relieved from its statutory duty is thrown upon it, and, when this is established, it is liable only in the event that the injury has resulted from the want of ordinary care.

In this case the injury occurred at the depot of the appellants and within the settled portion of the town, where the companies could not have fenced their track, as public necessity required that it should be kept open; and no proof having been made that the injury occurred from want of ordinary care on the part of the appellants, judgment should have gone in their favor. The court should have charged the jury in accordance with the principles herein announced; and because this was not done, and the judgment is against the law and the evidence, it must be reversed.

We think, too, that the court should upon another trial, if requested, admit evidence showing that stock was not, under the law in existence when the injury for which this suit was brought occurred, allowed to run at large in the town of Cotulla. Railroad companies are entitled to presume that every person will comply with the law which forbids the owner to allow his animals to run at large. Hence they are excused from the exercise of such care as is exacted of them when animals are permitted to run at large. When there is no such law they are liable for the want of ordinary care; where there is such a law they are liable only for gross negligence. The evidence is therefore important in determining the degree of negligence for which the appellants may be responsible. (Railway Company v. Cocke, supra.)

The evidence does not inform us as to why this action was brought against the two railroad companies appellant. There was no point made below as to the ownership of the road, and it might be presumed that the road and the rolling stock that caused the injury belonged jointly to the two companies. If, however, it should appear that it was owned by one company and leased to the other without special authority from the State, both companies would be liable, the one because of its actual operation of the road, and the other because it could not, without permission of the Legislature, transfer its franchise even temporarily so as to release itself from liability for the acts and defaults of its lessee. (Central & Montgomery Railroad Company v. Morris & Crawford, and Gulf, Colorado & Santa Fe Railway Company v. Morris & Crawford, Galveston term, 1887.)

The judgment is reversed and the cause remanded.

*Reversed and remanded.*