G. H. & S. A. R'Y Co. v. TERRY O'NEAL.

(No. 6186.)

APPEAL from Uvalde County.   Opinion by WILLSON, J.

CLARK & OLD, counsel for appellant.

No counsel appeared for appellee.

§ 86. *Railroad companies; liability of for killing stock when road is fenced; right of to obstruct third-class roads with gates, etc.* Appellee recovered judgment against appellant for $120, the alleged value of two cattle, his property, killed by the engine and cars of appellant. It appears from the evidence that the cattle were killed at a point where a public road crossed the line of appellant's railway, said crossing being in an inclosure owned by appellee.   Appellant's line of railway was fenced on both sides, except at the point of said public road crossing.   Said public road was a third-class road, and said crossing was the only one over appellant's railway inside said inclosure.   A jury was waived, and the cause was tried by the judge, who prepared and filed in the cause his conclusions of fact and law.   His first conclusion of law is that appellant was guilty of negligence in not erecting gates at said public road crossing.   We think this conclusion is erroneous.   Appellant had no right to obstruct said public road with gates.   Appellee, being the owner of the land over which said public road passed, had such right, but the statute confers no such right on appellant.  [R. S., art. 4389.]   It was not negligence, therefore, on the part of appellant to fail to erect gates across said public road.   Article 4245 of the Revised Statutes, requiring railroad companies to fence their roads, does not apply to such places as public necessity or convenience require to be left unfenced, as the crossings of highways and other like places.  [Railway Co. v. Cocke, 64 Tex. 151; Railway Co. v. Dunham, 68 Tex.

231.] In addition to said erroneous conclusion of law, the trial judge concluded, as a matter of fact, that the killing of the cattle was the result of negligence on the part of appellant's employees in operating the engine and cars. This conclusion of fact is not warranted by the evidence before us. On the contrary, the evidence shows that ordinary care was used to prevent injury to the bull, and there is not a particle of evidence showing negligence as to the other animal killed. Because the judgment is contrary to law and not warranted by the evidence it is reversed, and the cause remanded.

    April 23, 1890.          Reversed and remanded.