A. H. SWANSON ET AL., RECEIVERS, ETC., v. R. D. MELTON.

(No. 3915.)

APPEAL from Navarro County. Opinion by DAVIDSON, J.

CLARK, DYER & BOLLINGER, counsel for appellants.

No counsel appeared for appellee.

§ 264. *Railroad companies; liability of for stock killed on unfenced track near depot.* The evidence in this case is uncontroverted that appellee's colt was killed within forty yards of appellants' depot, at a point within switch limits, where it would be inconvenient to the public to fence the track, as well as to appellants, and there was no evidence of negligence on the part of appellants, their servants or employees, in killing said colt. The testimony excludes the idea of negligence on the part of appellants and their employees at the time of killing the animal in question. In a similar case our supreme court said: "In this case the injury occurred at the depot of the appellants, and within the settled portion of the town, where the companies could not have fenced their track, as public necessity required that it should be kept open; and no proof having been made that the injury occurred from want of ordinary care on the part of appellants, judgment should have been given in their favor. The court should have instructed the jury in accordance with the above principles herein announced, and because this was not done, and the judgment is against the law and the evidence, it must be reversed." [Railway Co. v. Dunham, 68 Tex. 231. See, also, Railway Co. v. Cocke, 64 Tex. 151; White & W. Civil Cas., § 844; Railway Co. v. Wilson, 3 Civil Cas. Ct. App., § 19.]

§ 265. *Charge of the court held to be on the weight of evidence.* The court charged the jury: "If you further believe that at the point at which said animal was killed defendants' line of railway was so obstructed from clear view by the piling of wood along the track, the defendants, or their agents, acted without 'ordinary care,' as that term is above explained, and that the striking of said animal by the cars was a direct and proximate result of the alleged obstruction of the view of the track, the plaintiff would be entitled to recover in this case." This was a charge on the weight of evidence. [2 Civil

Cas. Ct. App., § 693; Medlin v. Wilkins, 60 Tex. 409.]
Judgment reversed and cause remanded.

December 9, 1891.          Reversed and remanded.