### KANSAS CITY, M. & O. RY. CO. v. TRAMMELL. (No. 692.)

(Court of Civil Appeals of Texas. El Paso. April 19, 1917. Rehearing Denied May 17, 1917.)

1. RAILROADS ☞415(3)—ANIMALS ON TRACK —NECESSITY OF LOOKOUT.

Defendant railroad's employés may assume that a law prohibiting the running at large of animals will be obeyed, and are not negligent in failing to keep a lookout for animals on the track at such points.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1478.]

---

2. RAILROADS ⬦443(7)—ANIMALS ON TRACK—SUFFICIENCY OF EVIDENCE.

In action to recover for mules killed on defendant's railroad track, evidence not showing that their presence in a place of danger was discovered by defendant's employés in time to avoid the accident is insufficient to raise an issue under the doctrine of discovered peril.

Appeal from Nolan County Court; Jno. H. Cochran, Jr., Judge.

Action by D. Trammell against the Kansas City, Mexico & Orient Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

H. S. Garrett, of San Angelo, and Beall & Douthit, of Sweetwater, for appellant. Grisham & Grisham, of Sweetwater, for appellee.

HIGGINS, J. Trammell brought this suit to recover the value of three mules killed by one of appellant's trains in the town of Sweetwater. Verdict was returned and judgment rendered in his favor.

The animals were killed within the limits of the incorporated town of Sweetwater and at a point where defendant was not required to have its right of way fenced. The animals had escaped from a pen in which they were confined and wandered upon the track of defendant. They were killed by a train passing in the night. No one saw the animals killed, and there is an utter want of testimony showing the circumstances under which they were killed. At the time the town of Sweetwater had in force an ordinance prohibiting animals from running at large within its corporate limits and providing a penalty for its violation.

The plaintiff alleged that defendant was guilty of negligence proximately causing the death of the animals in this: First, in failing to have a proper headlight upon its engine; second, if it had a proper headlight, that it failed to maintain a proper lookout; third, if it maintained a proper lookout and had a proper headlight, that it was negligent in pursuing the animals and killing them, and in any event was liable for their value.

As to the first ground of negligence, it is sufficient to say that there is not an iota of evidence that the engine or train which struck the animals was without a proper headlight.

[1] A judgment cannot be maintained upon the second ground because they were killed at a point where animals were prohibited by law from running at large. The employés of the railway company had a right to assume that no animals would be at large at that point. Hence they were under no obligation to maintain a lookout for them, and their failure so to do was not negligence. Railway v. Cocke, 64 Tex. 151; Railway Co. v. Byrd, 58 Tex. Civ. App. 609, 124 S. W. 738; Railway Co. v. Russell, 43 S. W. 576; Railway Co. v. Hudgens, 43 Tex. Civ. App. 201, 94 S. W. 378; Railway Co. v. Decatur, etc., 179 S. W. 1104.

[2] As to the third ground of negligence, the only theory which it presents is discovered peril. The evidence is wholly insufficient to raise any issue of liability under the doctrine of discovered peril because it fails to show that the presence of the mules in a place of danger was discovered by the operators of the train, and that such discovery was made in time to avoid the accident by the use of the means at hand consistent with the safety of the train, and that such operators failed to so use such means. Recovery could not be had upon that doctrine, unless the evidence raised the issues indicated. Irving v. Railway Co., 164 S. W. 910, and cases there cited. Under the evidence, there is no theory under which a judgment could be sustained.

Reversed and rendered.