**ST. LOUIS SOUTHWESTERN RY. CO. et al.
v. BUICE. (No. 685-4238.)**

(Commission of Appeals of Texas, Section A.
Oct. 14, 1925.)

1. **Railroads ⬥441(1)—Burden on owner of
animals injured to show negligence.**

In suit for damages for stock killed or in-
jured by railroad locomotives and cars, burden
is on plaintiff to show that killing or injury was
proximately caused by negligence of railway
company, its agents, or employees.

2. **Railroads ⬥441(6)—Burden on railroad to
show no obligation to fence at place of killing
stock.**

Under statute, negligence in killing or injur-
ing stock is conclusively established by proof
that railroad was not fenced at place where
killing or injury occurred, unless railroad is not
required or permitted by law to fence its track
at such place, and burden of proving latter fact
is on railway company.

3. **Railroads ⬥411((16)—Burden of proving no
obligation to fence met by proof animal was
killed within "depot or station grounds."**

Burden of proving that railroad was not
obligated to fence track at place of killing cow
is met when conclusively shown that animal
was killed within "depot or station grounds,"
which include all of right of way within yards
and switching limits· at depot or station, and
it is error to submit to jury issue whether com-
pany was required to fence its track at place of
killing within such limits.

[Ed. Note.—For other definitions, see Words
and Phrases, First and Second Series, Depot
Grounds.]

4. **Courts ⬥247(7)—Holding of Court of Civ-
il Appeals held erroneous as in conflict with
holdings of other such courts.**

Holding of Court of Civil Appeals in action
against railroad·for killing cow on track *held*
erroneous as in conflict with approved holdings
of other Courts of Civil Appeals that railroad is
not required to fence its tracks within limits of
its sidetracks and switches at depots and sta-
tions.

Error to Court of Civil Appeals of Tenth
Supreme Judicial District.

Action by H. W. Buice against the St. Lou-
is Southwestern Railway Company and an-
other. Judgment for plaintiff affirmed by
Court of Civil Appeals (262 S. W. 558), and
defendants bring error. Judgments reversed
and cause remanded to county court.

John F. Sheehy, S. P. Ross, and Nat Har-
ris, all of Waco, for plaintiffs in error.

Jake Tirey, of Waco, for defendant in er-
ror.

BISHOP, J. This is a suit by defendant
in error H. W. Buice, against plaintiffs in
error, St. Louis Southwestern Railway Com-
pany of Texas, and the Gulf, Colorado, &
Santa Fé Railway Company, for damages for

killing a cow on the track of the first named
company. Plaintiffs in error, in their answer
in the county court, from which this appeal
was perfected, alleged that the animal was
killed within the depot ground and switch-
ing limits at the station of South Bosque at
a place not required by law to be fenced.

The evidence shows that the cow was
struck and killed by an east-bound train of
the Gulf, Colorado, & Santa Fé Railway Com-
pany on the main line track of the St. Louis
Southwestern Railway Company about 156
feet west of the depot at South Bosque, and
within the switching limits at said station.

The court instructed the jury to find for
defendant in error, unless they believed
from the evidence that public necessity, con-
venience, commerce, or the safety of the em-
ployees of the plaintiffs in error required the
right of way to be left unfenced at the point
where the cow was killed, and that, if they
did so believe, to find for plaintiffs in error.
Verdict and judgment were rendered in favor
of defendant in error, and the judgment was
by the Court of Civil Appeals affirmed. 262
S. W. 558.

Plaintiffs in error complain at the charge
of the trial court, and contend that, as it was
conclusively shown that the cow was killed,
within the switching limits at the station, it
was error to submit to the jury the question
as to whether the railway company was re-
quired to fence its track at that place.

[1-3] In a suit for damages for stock killed
or injured by the locomotives and cars of. a
railroad company, the burden is on the
plaintiff to show that such killing or injury
was proximately caused by the negligence of
the railway company, its agents, or employ-
ees. Under our statute, negligence is con-
clusively established by proof that the rail-
road was not fenced at the place where the
killing or injury occurred, unless at such
place the railroad company is not by law
required or permitted to fence its track. It
having been shown that the animal was
killed, the burden of proof was on the rail-
way company to show that there was no ob-
ligation to fence the track ◦at the place of
the killing. The requirements of this bur-
den are met when it is conclusively shown
that the animal was killed within the depot
or station grounds. I. & G. N. Ry. Co. v.
Cocke, 64 Tex. 151; I. & G. N. Ry. Co. v.
Dunham, 68 Tex. 231, 4 S. W. 472, 2 Am. St.
Rep. 489.

The depot or station grounds include all
that part of the right of way embraced
within the yards and switching limits at the
depot or station. Here it was conclusively
shown that the animal was struck and killed
about 156 feet west of the depot at South
Bosque, and within the switching limits.
As a matter of law, this is a place where
the railroad company is not required to fence

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

its track, and its failure to do so cannot be held to be negligence. It was error for the trial court to submit to the jury this issue, and for this reason the judgment should be reversed.

[4] We quote with approval from an opinion of the Court of Civil Appeals for the First Supreme Judicial District by Justice Williams, in the case of G., C. & S. F. Ry. Co. v. Ogg, 8 Tex. Civ. App. 285, 28 S. W. 347, as follows:

"By law, railway companies are not required to fence their 'depot and contiguous grounds.' Railroad Co. v. Cocke, 64 Tex. 151; Railroad Co. v. Dunham, 68 Tex. 232, 4 S. W. 472 [2 Am. St. Rep. 484]; Railway Co. v. Wallace, 2 Tex. Civ. App. 271, 21 S. W. 973. By a construction, almost universal, of statutes requiring railways to fence their tracks, it has been established as the law that they are not required to fence such places as public necessity or convenience requires should be left open, and that depot and station grounds are such places. It is unnecessary for us to review or restate the reasoning upon which this conclusion has been based. It is sufficient to say that, when it has been shown that the animal was killed upon the tracks within the station or depot grounds, it results that such place is not required to be fenced.'

"The court below erred in submitting to the jury, as a question of fact, whether or not the switches at the station could have been fenced, without inconvenience to the public. Under the law, the defendant was not required to fence them in."

We also approve the holding of the Court of Civil Appeals for the Second Supreme Judicial District by Justice Hunter in the case of G., C. & S. F. Ry. Co. v. Blankenbeckler, 13 Tex. Civ. App. 249, 35 S. W. 331, as follows:

"We are of opinion that the evidence, as well as the conclusions of fact, indisputably shows that the cow was killed within the switching limits and contiguous depot grounds of the railroad company, and that these limits, in law, extend to and include the terminals and switch stands of all switches or side tracks at all depots and stations; and that public policy, in consideration of the safety to life and limb of employees and operatives who are compelled to pass over the tracks on foot in coupling and uncoupling cars, and turning switches, and other duties, both in the daytime and at night, requires that there be no pitfalls or cattle guards on the tracks or grounds over which they are compelled, often in the most hurried manner, to move, in order to perform the duties incident to such business. And as a fence could not cross the yards and tracks without making cattle guards or stops, the railroad company is not required to fence its tracks within the limits and terminals of its side tracks, switches, and switch stands, at its depots and stations."

The holding of the Court of Civil Appeals in this case is in conflict with that in the cases above cited, and we recommend that its judgment and that of the county court be re-versed and the cause remanded to the county court.

CURETON, C. J., The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission of Appeals on the questions discussed in its opinion.