## BRISCOE v. ALFREY.

### Opinion delivered October 19, 1895.

ANIMAL RUNNING AT LARGE—LIABILITY OF OWNER.—Under Sand. & H. Dig., sec. 7301, making the owner of any seed horse or unaltered mule or jack liable "for all damages that may be sustained by the running at large of any such seed horse, jack or mule," the owner of an unaltered mule is not liable to the owner of a filly killed by the mule while at large, where the mule was kept confined in a strong stable surrounded by a strong, high fence, but had broken out during the night without the owner's knowledge.

Appeal from Woodruff Circuit Court.

GRANT GREEN, JR., Judge.

STATEMENT BY THE COURT.

This action is to recover damages for the killing of a filly by an unaltered mule. It was brought under section 7301, Sand. &. H. Dig., which is as follows: "If any seed horse or any unaltered mule or jack, over the age of two years, be found running at large, the owner shall be fined, for the first offense, three dollars, and for every subsequent offense not exceeding ten dollars, to be recovered by civil action in the name of any person who shall sue therefor, one-half to his own use and the other to the use of the county; and the owner shall also be liable for all damages that may be sustained by the running at large of any such seed horse, jack or mule."

The proof tended to show that a mule, the property of the defendant, was an unaltered mule over two years old, which, while at large, killed a filly, the property of the plaintiff. Also that defendant kept the mule in a strong stable surrounded by a strong, high fence, and that the mule had broken out during the night without defendant's knowledge. The judgment below was for the defendant.

N. W. Norton, for appellant.

Defendant kept the animal at his risk. No scienter is necessary. The statute makes the owner liable for the injury, when the injury is proved. Sand. & H. Dig. sec. 7301 ; 52 Me. 178 ; 51 N. H. 110 ; 3 Allen (N. H.), 191 ; 31 Conn. 121 ; 63 Pa. St. 341 ; 23 Mich. 252 ; 13 Oh. St, 485 ; 24 Ib. 329 ; 64 Wis. 323.

M. T. Sanders for appellee.

The owner is not expected to keep such animals at his peril. They are useful, domestic animals; and, when

they escape from an enclosure, and the owner endeavors to recover them on learning of their escape, they cannot be regarded as running at large. 27 N. E. 505 ; 46 Oh. St. 272 ; 124 Ind. 499 ; 24 N. E. 755. Owner of hogs not liable when hogs escape without fault. 37 Kas. 448. Nor when horse becomes frightened and escapes. 27 S. W. 200 ; 12 R. I. 518. See as to *scienter*, 25 N. E. 596 ; and as to fault of owner, 100 Pa. St. 586. Prudence and care only are required. Bish. Non-Cont. Law, sec. 439 ; 16 Ark. 314. The *dog* cases cited by appellant are predicated on the peculiar statutes of the several states. Several were sheep-killing dogs, and, as to vicious animals and sheep-killers, the rule is different from that of useful, domestic animals.

WOOD, J., (after stating the facts.) The statute does not place owners of the animals named beyond the protection of that universal rule which exempts men from liability for inevitable accidents. This is plain when all the provisions of the section quoted are considered together. It is not to be supposed that the legislature demanded an impossibility, and imposed a penalty for inability to avoid the inevitable. No human prescience could forestall the various contingencies of escape to which such animals are liable. Yet if the unfortunate owner is to be held responsible at all hazards, the anomalous result would be to inflict upon him a penalty for something which might be impossible for him to avoid.

The ownership of the animals named is not forbidden, but expressly recognized, and the imposition of such burdens as would tend directly or indirectly to prevent or discourage the ownership and use of such animals was never contemplated. By the somewhat rigorous results to follow to the owner in case of his failure to use proper care in restraining the animals designated, the legislature evidently only designed to

enforce upon him the strict observance of that ancient maxim, "*Sic utere tuo ut alienum non laedas.*" What degree of care is required? Only that which a prudent man under similar circumstances would exercise to prevent animals of the kind mentioned from running at large, taking into consideration their natural habits and propensities. It is the intentional or negligent permission of the owner for his animal to run at large, which subjects him to the civil and penal consequences prescribed by the statute. Whether the owner has exercised such care as the law requires, if the facts are disputed, is a question for the jury. The following authorities are cited to support the views we have expressed. Bish. Non-Cont. Law, sec. 1220 *et seq.; Wolf* v. *Nicholson*, 27 N. E. 505; *McBride* v. *Hicklin*, 124 Ind. 499; *Rutter* v. *Henry*, 46 Ohio St. 272; *Leavenworth, etc., R. Co.* v. *Forbes*, 37 Kas. 448; *Fallon* v. *O'Brien*, 12 R. I. 518; *Presnall* v. *Raley*, 27 S. W. 200; *Klenberg* v. *Russell*, 25 N. E. 596; *McIlvaine* v. *Lantz*, 100 Penn. St. 586,—all cited by appellee's counsel.

Counsel for appellant has called our attention to statutes and decisions of other states in which the owner of dogs are made liable absolutely for damages done by them. The status of the dog before the law is *sui generis*. Bish. Non-Cont. Law, sec. 1233. The vicious dog in general, and the odious sheep killer in particular (to which several of the cases cited refer), are under the law's especial condemnation. Without entering upon a discussion of the reasons therefor, it suffices to say that no legislation or decision with reference to injuries by dogs do we regard as analogous to that of the other purely domestic animals of the kind enumerated in our statute.

The instructions of the trial court were in accord with this opinion, and there was no error in its ruling admitting certain testimony to which objection was made. Its judgment is therefore affirmed.