. HOUSTON & TEXAS CENTRAL RAILWAY COMPANY v. A. JONES.

Delivered April 3, 1897.

**1. Railway Company—Killing Stock—Evidence.**
In an action against a railroad company for the value of an animal killed by its engine within the city limits, it is error to admit evidence showing the usual speed of the defendant's trains, before and after the accident, at that point.

**2. Same—Interest Recoverable from Date of Killing.**
The statute which makes railway companies whose tracks are not fenced liable "for the value of all stock killed or injured," etc., does not change the common law rule which allows interest on such value from the date of the killing or injury. Railway v. Muldrow, 54 Texas, 233, criticised and not followed.

**3. Same—Charge—Negligence—Failure to Ring Bell, Etc.**
In an action for the value of an animal killed by a train within a city whose ordinances prohibited such animals running at large, it was error for the court to charge that the defendant company was guilty of negligence if, at the time of the killing, its train was being run at a rate exceeding six miles per hour, or if the bell or whistle was not sounded at the public crossings there.

**4. Same—Liability in City Limits—Gross Negligence.**
A railway company is liable for the value of an animal killed by its train at a point where it is not required to fence its track, and where such animals are prohibited by ordinance from running at large, only where its servants have been guilty of gross negligence, such as a failure, after seeing the animal on the track, to use such efforts as an ordinarily prudent man would have used to prevent the injury.

APPEAL from the County Court of Grayson. Tried below before Hon. J. H. WOOD.

*Beaty & Culver,* for appellant.

No brief for appellee reached the Reporter.

RAINEY, ASSOCIATE JUSTICE.—This suit was brought in the Justice Court by appellee against the railway company to recover for the value

of one mule, alleged to be of the value of $150, and alleged to have been killed by the negligence of appellant's servants, by being struck by a train.

Appellant pleaded general denial, and that the animal killed was at a place where appellant was not bound to fence its road, and that appellee was guilty of negligence in allowing the mule to run at large, contrary to the ordinances of the city of Sherman. Judgment was rendered for appellee, an appeal taken to the County Court, where a like result was had, and from the judgment of the County Court this appeal is taken.

Over the objection of appellant, the court permitted the appellee to show by two witnesses the usual speed of defendant's train before and after the killing of said mule, at the place where the mule was killed. We think this objection should have been sustained.

The proof of the rate of the speed of the train should have been confined to the speed of the train at the time the mule was killed. Whether negligence exists must be determined by the facts in the very case in which the question arises. In cases like this it is not permissible to show custom or habitual conduct of the defendant in order to show the existence or absence of negligence at a given time. Railway v. Evansich, 61 Texas, 3; Railway v. Rowland, 82 Texas, 166; Railway v. Payne, 35 S. W. Rep., 297; Sill v. Railway, 28 S. W. Rep., 908.

Appellant complains of the fourth paragraph of the court's charge, which is as follows: "If you find for the plaintiff, the measure of damages will be the reasonable market value of said mule in the city of Sherman at the date it was struck, with 6 per cent interest on said amount from that time to the present time. If you find for defendant, simply say so."

The objection urged is, that the measure of damages was the value of the animal at the time of the killing, and that the plaintiff would not be entitled to recover interest before the rendition of the judgment. We are of opinion that the court did not err in this particular. We are aware that in one case, Railway v. Muldrow, 54 Texas, 233, our Supreme Court took a different view, which case has been followed by two of the Courts of Civil Appeals in this State: Railway v. Cunningham, 4 Texas Civil Appeals, 262; Railway v. Drumgoole, 24 Southwestern Reporter, 372.

In the Muldrow case the court based its opinion upon what we consider a wrong construction of the statute. The statute provides, "that each and every railway company shall be liable to the owner for the value of all stock killed or injured by the locomotive and cars of such railway company in running their respective railways, which may be recovered by suit in any court having competent jurisdiction of the amount. If the railway company shall fence in their road, then they shall only be liable for injuries resulting from want of ordinary care." The court construed this article to limit the right of recovery to the value of the stock killed or injured, without reference to the time of the recovery had. We think this construction wrong. The object of the

statute, in our opinion, was not to change the common law liability, which fixed the measure of damages for the wrongful killing of stock by a railway company at the value of the stock killed, with interest. We do not think the statute intended to change the rule in that respect; but the object was to absolutely fix liability upon the railway company for the killing of stock at any place where it could fence its road; and where the road was fenced it would only be responsible in cases of injury resulting from the want of ordinary care. We think, under the statute, that when stock is killed the owner thereof has a fixed money demand, which is due and payable from and after the time of the killing, and if delay is made in the payment thereof, that his measure of damages is not only the value of the animal, but such amount with legal interest from the date of the killing. Such is the rule in cases other than the killing of stock, and there is no reason why the Legislature in enacting the statute should have changed that rule in reference to stock, nor do we think that any such intention existed at the time of its enactment.

If the construction placed upon the statute by the Muldrow case is correct, then when an animal is slightly injured by being struck by a railway train at a place where the railway company was authorized to fence its track, it would matter not how slight the injury might be, the railway company would be liable for the full value of the animal. But evidently such was not the intention of the Legislature. In such a case the railway company would only be liable for the actual injuries sustained by the owner. The statute does not say that the party should recover for the actual injuries sustained, but that the railway company would be liable for the value of all stock killed or injured by the locomotive and cars.

In the case of Railway v. Cocke, 64 Texas, 151, it is expressly held that where an animal is slightly injured, the party would be entitled to the necessary expenses incurred in taking care of and curing the animal.

In the case of Railway v. Keith, 74 Texas, 287, it was held that where a horse was injured by a railway train, and his usefulness was not only impaired but destroyed, the measure of damages was its value with reasonable compensation for attention and expenses in a prudent effort to effect a cure.

The two decisions last mentioned, we think, are in conflict with the Muldrow case, and announce the correct doctrine. In support of the contention here urged, we think the following cases fully support our views: Railway v. Tankersly, 63 Texas, 57; Railway v. Jackson, 62 Texas, 209; Railway v. Levy, 59 Texas, 764; Railway v. Dunman, 6 Texas Civ. App., 101.

The court, in effect, charged the jury that the defendant, if its train was running at the time said mule was killed at a rate of speed exceeding six miles per hour, or if the bell of the locomotive was not ringing or the whistle was not blown in passing through the city of Sherman, and by reason of the failure to blow the whistle and ring the bell said mule

was killed, would be guilty of such negligence as would entitle plaintiff to recover.

The objection to this charge is that it is upon the weight of the evidence, and that it tells the jury what particular facts would constitute negligence. The evidence shows that the city of Sherman was incorporated, and an ordinance of said city prohibited trains running through the limits thereof at a speed exceeding six miles per hour, and there was also an ordinance prohibiting animals running at large within the limits of said city, and that at the point at which said mule was killed the railway company was not authorized to fence its track.

Ordinarily, where an ordinance limits the speed of trains, it is not error for the court to charge the jury that the running of a train at a rate of speed greater than that allowed by the ordinance is negligence, and the same rule applies to the blowing of the whistle and ringing the bell of the locomotive when running over public crossings. But, under the facts of this case, we think the charge of the court erroneous.

In order for the railway company to be liable in this case the employes of the company must have been guilty of gross negligence, and it was a question for the jury to determine, under proper testimony, whether such negligence existed or not. The ordinance of the city of Sherman prohibiting the running at large of animals, the defendant's servants had a right to presume that no stock would be upon the track at that particular point, and they were relieved from the duty of keeping a watch for stock on the track. The rule that applies to this case is one that ordinarily applies to trespassers upon the track; that is, that the employes of the company must use such care, after the danger becomes known, as an ordinarily prudent man would use under the circumstances to avoid injury. For a full discussion of the principles here enunciated, see case of Railway v. Cocke, supra.

If the engineer of appellant, after seeing the mule on the track, used such efforts as an ordinarily prudent man would have used to prevent injury, then the appellant would not be liable for the injury done.

For the reasons above indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*