DILLON v. STEWART.    (No. 5530.)

(Court of Civil Appeals of Texas. Austin. Nov. 17, 1915.)

1. HIGHWAYS ⬥184 — ACTIONS FOR NEGLIGENT USE — INSTRUCTIONS — "ORDINARY CARE"—"GROSS NEGLIGENCE."

In an action for the value of a mule struck by an automobile while running loose on a public road in a county where the stock law forbidding stock to run at large was in force, the court refused instructions that the mule was running at large in violation of law, and that, to entitle plaintiff to recover, the jury must believe that defendant, after discovering the presence of the mule and its peril, did not exercise ordinary care in attempting to stop the machine and avoid injury to the mule, and that "ordinary care" in this regard meant such care as an ordinary, prudent person would have exercised under similar circumstances, and that defendant was not required to be on the lookout for loose animals, and, before the jury could find for plaintiff, they must believe that he saw the danger to the mule in time to have prevented it by the ordinary use of the means at hand, or that he was guilty of gross negligence in not discovering the mule in time to prevent the injury, and that the term "gross negligence" meant a reckless disregard of the rights of others. Held, that these charges clearly presented the issue of gross negligence, and should have been given where this feature of the case was not presented by the main charge.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 471–474; Dec. Dig. ⬥184.

For other definitions, see Words and Phrases, First and Second Series, Gross Negligence, Ordinary Care.]

2. HIGHWAYS ⬥172 — NEGLIGENT USE OF HIGHWAYS—EVIDENCE OF NEGLIGENCE.

That a mule running loose on the highway when struck by an automobile was seen by the driver of the automobile when 30 yards away did not necessarily show that the driver was guilty of gross negligence.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 459, 460; Dec. Dig. ⬥172.]

3. HIGHWAYS ⬥177 — NEGLIGENT USE OF HIGHWAYS—LIABILITY FOR INJURIES.

Pen. Code 1911, art. 815, provides that no automobile shall be driven or operated upon any public road at a greater rate of speed than 18 miles an hour. Held that, though a person driving an automobile in excess of 18 miles an hour was negligent, he was not liable for the value of a mule running loose on the highway in violation of law and struck by the automobile, unless he was guilty of gross negligence.

[Ed. Note.—For other cases, see Highways, Cent. Dig. § 466; Dec. Dig. ⬥177.]

Appeal from McLennan County Court; Geo. N. Denton, Judge.

Action by N. Z. Stewart against L. Dillon. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Williams & Williams, of Waco, for appellant.

RICE, J. On the morning of the 1st of February, 1914, appellee's mule was injured so badly that it became necessary to kill it. He alleged that the injury was caused by the negligence of appellant in striking the mule with his automobile, which he was running at an unlawful and high rate of

speed along the public road passing appellee's house, and also that appellant saw the mule in time to have prevented the injury, but negligently failed to do so. Appellant answered, specially denying the matters of negligence charged against him, and, further, that the stock law was in force in McLennan county forbidding stock to run at large; that, while traveling along the public road, and not expecting to find any stock thereon, the mule suddenly jumped from the side of the road in front of his auto out of some brush and weeds as he was turning a bend, and, notwithstanding he did all in his power to prevent the accident, he struck the mule, but denied that he was running at a high and dangerous rate of speed at said time as claimed by appellee; and this suit was brought to recover the value of the mule, together with the amount paid to the veterinary surgeon for attention to it.

Appellee was a farmer living on the public road leading from Waco to China Springs. On the morning of February 1, 1914, he discovered several of his mules west of the house on said road, and, when driven up, one of them had a hind leg broken; that these mules had been in the field the night before, which was inclosed by a reasonably good fence; that on the morning in question two autos, driven at a rapid rate of speed, passed his house about daylight, going towards China Springs; that, although he employed a veterinary to attend to the mule, he failed to relieve it, and it became necessary to kill it. Appellee testified that he noticed where something had been dragged along the road where the mules were seen, and also saw blood and hair on the ground, and noticed some broken glass and where water had been spilled. He also testified that a few days thereafter he had a conversation with appellant, who told him that he struck the mule on that road that morning; that when he hit the mule he broke his radiator and the water poured out; that he also broke one of his lights, and that glass fell in the road; that he thereafter talked with Mr. Cox who was in the machine with appellant at the time the mule was struck, who told him that he saw the mule jump in the road ahead of the machine some 30 steps away and called Mr. Dillon's attention to it.

Appellant testified that on the morning in question, about daylight, he was traveling in his auto, accompanied by Mr. Cox, from Waco to China Springs; that some 200 yards before he got to appellee's house on that morning a mule suddenly jumped from some weeds and brush on the side of the road in front of his auto while turning a bend in the road, and that, although he did all within his power to prevent striking it, he hit the mule on the hind leg and knocked him around out of the road, and the mule went limping off; that he did not knock it down nor drag it; that he was running between 12 and 15 miles an hour at the time; that the mule jumped in the road in front of his car not exceeding 20 feet of him, which was the first knowledge he had of the presence of the mule in the lane; that he never went as far west as appellee's house, and never passed the place where appellee claims to have found hair and blood and evidence of something having been dragged in the road; that the collision broke one of the corners of the radiator loose, and so disabled his car that it was impracticable for him to continue his journey, whereupon he turned around and went back to Waco; that the radiator was broken so that it leaked, and one of the glasses on his headlight was broken and some of the glass left in the road; that about a mile and a half before hitting the mule two autos passed him at a very rapid rate of speed, running 30 or 40 miles an hour, going in the direction that he was traveling; that they were running some 150 or 200 yards apart; that before striking the mule his car had skidded in some loose gravel at a turn 3 or 4 miles from the place where he struck the mule, and that he ran off the road to one side and wrenched his car to such an extent that he broke the windshield, but that he got back on the road and continued his journey until he struck the mule; that the stock law prohibiting animals from running at large was in force in the county; and that he was not expecting to see the mules in the road at that place.

Mr. Cox corroborated the testimony of appellant, except he stated that he did not know how fast they were running; that, being a stranger, he could not tell upon what part of the road the mule was struck. He denied telling appellee that he saw the mule 30 yards in front of the car, and called Dillon's attention thereto, but that he did tell appellee that he saw the mule jump in the road in front of the car, and spoke to Dillon about it, but did not state how far the mule was in front of the car when he first saw it and spoke to Dillon, but it was only a short distance.

There was a jury trial, resulting in a verdict and judgment in behalf of appellee, from which this appeal is taken.

[1] Appellant insists that the court erred in refusing to give his special charges Nos. 3 and 5, which are as follows, to wit:

"No. 3. You are instructed that the mule of plaintiff, which plaintiff alleges was injured by the defendant, was running at large, in violation of law, in the lane at the time the same was struck by the defendant, if he was so struck, and that, in order to entitle plaintiff to recover, you must believe from the evidence that the defendant, after discovering the presence of the mule and the peril that the mule was in, did not exercise ordinary care in attempting to stop his machine and to avoid injury to said mule, and you are instructed that ordinary care in this regard means such care as an ordinary, prudent person would have exercised under the

same and similar circumstances, and, unless you so believe, you will return your verdict for the defendant."

"No. 5. You are charged that the stock law was in force at the time and place the mule was injured, and that said mule was in the road in violation of said law, and defendant was not required to be on the lookout for loose animals in the road, and, before you can find for plaintiff, you must believe from the evidence that the defendant saw the danger to said mule in time to have prevented the same by the ordinary use of the means at hand, or that the defendant was guilty of gross negligence in not discovering said mule in time to prevent the injury thereto, and you are charged that the term 'gross negligence' means a reckless disregard of the rights of others."

Both of these charges, in our judgment, should have been given. The appellee, under the circumstances, in order to recover, must show that appellant was guilty of gross negligence, and these charges clearly presented this issue. While there is evidence that the mule was seen before it was struck, yet the uncontradicted evidence is to the effect that appellant did all within his power to prevent the accident after discovering the mule.

[2, 3] The mere fact, if it be a fact, that the mule was seen 30 yards away, as claimed by appellee, does not necessarily show that appellant was guilty of gross negligence. Even if appellant were running in excess of 18 miles an hour, which would render him guilty of negligence under the law (see Penal Code, art. 815), still it is shown that the animal in question was upon a public highway in violation of law; and, such being the case, in order for appellee to recover, it must appear that appellant was guilty of gross negligence. See M., K. & T. Ry. Co. v. Russell, 43 S. W. 576; H. & T. C. Ry. Co. v. Jones, 16 Tex. Civ. App. 179, 40 S. W. 745; H. & T. C. Ry. Co. v. Hollingsworth, 29 Tex. Civ. App. 306, 68 S. W. 724; M., K. & T. Ry. Co. v. Hanacek, 93 Tex. 446, 55 S. W. 1117; Railway Co. v. Cocke, 64 Tex. 157, in which last case it was held that, if there was a valid ordinance or a statute in force at the time where the injury occurred by which the running at large of animals is made unlawful, then the entry of animals upon a railway track or other inclosed lands is a trespass. In such case the railway company will not be responsible to owners for injury done by its cars to animals entering upon its track, unless the conduct of its employés amounts to gross negligence; for, under such circumstances, railway companies are entitled to presume that all persons will comply with the law which forbids the owner to permit his animals to run at large. Therefore they are excused from the exercise of that care which would not be necessary if the owner complies with the law—in other words, are excused from the exercise of such care as they should exercise were it lawful for animals to be at large, and therefore expected to be so—and, fur-

ther, that if stock unlawfully enter upon a railway track, it is enough that employés of the company use such care, after the danger becomes apparent, as a prudent man would under the same circumstances, to avoid injury. Railway Co. v. Jones, supra.

These charges clearly presented appellant's theory of defense, and he was entitled to have such defense passed upon by the jury. See M., K. & T. Ry. Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058, and other cases there cited.

The main charge of the court failed to present this feature of the case. The failure to give these charges, in our judgment, constituted reversible error, for which reason the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.