ELLIS v. LEWIS.

No. 3961.

Court of Civil Appeals of Texas. El Paso.

June 20, 1940.

James D. Willis, of Pecos, for appellant.

John G. Renken, of Pecos, for appellee.

PRICE, Chief Justice.

This suit was filed in the Justice's Court in and for Precinct No. 1, Reeves County, Texas, by Bob Lewis, as plaintiff, against R. E. Ellis, trading under the name of M System Grocery & Market, as defendant. Plaintiff sought to recover damages by reason of the alleged negligence of defendant's employee in running into a horse of plaintiff's. In the Justice's Court the judgment was in favor of the plaintiff in the sum of $100. Appeal was perfected by the defendant to the County Court. A trial was there had before a jury, the cause submitted on special issues, and, on the answers returned, the court entered judgment against the defendant in the sum of $100. From this judgment the defendant perfected this appeal.

The parties will be designated here in accordance with the designation they bore in the County Court.

In substance, plaintiff alleged that on the 29th day of August, 1938, he was loading two of his horses into a "pickup" truck, and had left one of said horses standing with the reins to the bridle down; the horse had been trained to stand in such manner; that another horse neighed, and plaintiff's said horse ran onto State Highway No. 27, where he was struck by defendant's delivery truck. Several grounds of negligence were averred as to the manner in which said truck was being driven; injury to the horse by the collision to such an extent that it was necessary to have same destroyed was averred. The reasonable cash market value of the horse was alleged to be $150.

Defendant's answer consisted of a general denial, special denial; among other defenses specially pleaded was an ordinance of the City of Pecos forbidding animals running at large and a violation of this ordinance by the plaintiff; detailed pleas of contributory negligence on the part of the plaintiff; and a cross-action alleging that defendant was damaged by the negligence of plaintiff in the sum of $50 due to injuries caused to his delivery truck by reason of such negligence.

Defendant urged some ninety odd grounds in his motion for a new trial, filing twenty-eight assignments of error in his brief.

A brief recital of the facts may aid in the discussion of the issues tendered by this appeal.

Plaintiff lived on Oak Street in the City of Pecos, a street running north and south, we presume; his house was one-half block west from Highway 27, known as the Fort Stockton Highway; there was an open space between his house and Highway No. 27; on the morning in question he was engaged in loading two horses in a "pickup" truck for the purpose of transportation to

his ranch; one of these horses was evidently saddled and bridled; this horse was standing in proximity to the truck with the bridle reins hanging down in the usual and customary manner, the horse having been customarily controlled in this manner; somewhere in the neighborhood across Highway No. 27 another horse neighed; plaintiff's horse started in the direction of that animal, and in so doing went onto Highway 27, where he was either struck by, or ran into, the truck then operated by defendant's employee in defendant's business; at the time of the accident defendant's truck was being driven southerly on Highway No. 27; the accident occurred within the city limits of Pecos; at the time of the occurrence the City of Pecos had in force an ordinance relative to livestock, Article 1 of which is as follows: "The running at large within the limits of the Town of Pecos, Texas, of any cattle, horses, mules, sheep, goats, jacks, jennets, or hogs, shall be and is hereby prohibited."

The testimony is conflicting throughout as to the speed at which the defendant's truck was driven, and as to whether the truck ran into plaintiff's horse, or plaintiff's horse ran into or on the truck.

The verdict established that defendant's truck was operated at a rate of speed in excess of twenty miles per hour, and that same was the proximate cause of the accident; that defendant's driver failed to keep a lookout; such failure was negligence; and such negligence a proximate cause of the injury to plaintiff's horse.

Special Issue No. 21 read as follows: "What sum of money, if any, if paid now in cash do you find from a preponderance of the evidence will fairly and reasonably compensate the plaintiff for his damages, if any, by reason of the loss of his horse?"

On the defensive issues and the issues submitting the cross-action the findings were all against the defendant. Summarized, these are: that plaintiff's horse was not running at large at the time of the collision; plaintiff was not guilty of negligence in permitting his horse to stand with its reins down.

■ Special Issue No. 6 submitted as to whether, at the time and place in question, defendant's truck was driven at a rate of speed in excess of twenty miles per hour. Special Issues No. 12 and No. 27 submit the identical issue. The issue of the failure of defendant to keep a lookout is submitted in almost the identical form in Special Issues 15, 19 and 30. Complaint is made as to these duplications on the ground that it gives undue emphasis to such issues. We can conceive of no good reason for submitting any single issue more than once, and it is unquestionably error to do so.

Speer, Special Issues, Sec. 188, p. 245.

Complaint is made of the court's failure to define the term "ordinary care" used in the definition of proximate cause, the term "lookout," and the phrase "running at large."

■ We think the term "ordinary care" should have been defined by the court.

■ We do not deem the word "lookout" as used in the court's charge requires definition. The next succeeding question submits the issue of negligence. In a measure, at least, the duty as to "lookout" is measured and declared by the definition of negligence. As the question is presented we do not believe error is shown. If the term "proper lookout" had been used, an entirely different question would have been presented. It seems when the term "proper lookout" is used it should be defined. Wichita Falls & S. R. Co. v. Hamilton, Tex.Civ.App., 37 S.W.2d 755; Lander v. Jordan, Tex.Civ. App., 87 S.W.2d 1109; Fort Worth & Denver City Ry. Co. v. Rogers, Tex.Civ.App., 62 S.W.2d 151.

Was it error for the court to fail to define the phrase "running at large," used in several of the issues? This involves a construction of the ordinance of the city pleaded and introduced in evidence by defendant.

Beyond a doubt, in a sense, the horse, just before and at the time of the accident, had freed itself from the control of the plaintiff. If the presence of the horse in the street under these circumstances constituted "running at large," then there was no issue relative thereto, and same should not have been submitted.

Article 1 of the ordinance, which we have herein before set forth, was relied upon by defendant.

■ We think an animal is "running at large," within the meaning of the ordinance, when off the premises of its custodian within the city limits with the consent or acquiescence of such custodian, or by reason of such custodian's negligence, when it is not under the immediate control of anyone.

Under the case here made by the evidence, we do not think the issue as to this animal "running at large" is an issue, unless plaintiff was guilty of negligence in permitting it to escape from his control.

In the case of Presnall v. Raley, Tex.Civ. App., 27 S.W. 200, 201, opinion by Judge Neill, this proposition is announced: "A horse which, while being driven, becomes frightened, and escapes from the control of the driver, without his fault, and runs away, is not 'running at large,' within the meaning of ordinances of a city prohibiting animals from running at large." See, also, Briscoe v. Alfrey, 61 Ark. 196, 32 S.W. 505, 30 L.R.A. 607, 54 Am.St.Rep. 203; Ft. Worth & D. C. Ry. Co. v. Decatur Cotton Seed Oil Co., Tex.Civ.App., 179 S.W. 1104.

We do not mean to hold that the issue of negligence as to plaintiff's management of the horse in question is not in the case. It is in the case. If there was negligence, and same was the proximate cause of the injury to the horse, it is a defense. This latter statement is made with the qualification that if the issue of discovered peril be presented, another question arises. The doctrine of discovered peril was enunciated in early times in relation to an injury to an animal. If this animal escaped through the negligence of plaintiff, then the issue of "running at large" is in the case. In case it be established that this animal was running at large, within the meaning of the ordinance, we think that the case of Dillon v. Stewart, Tex.Civ.App., 180 S.W. 648, measures the duty of defendant.

The proposition laid down in that case is that the mere driving in excess of the statutory speed does not, in and of itself, constitute gross negligence. Nor do we think that case in any way qualifies the limits of the law as to discovered peril.

We have herein before copied Special Issue 21 relating to the measure of damages. Defendant excepted to this issue on the ground it gave the jury no direction as to how the damages were to be estimated. Plaintiff pleaded the market value of his horse as his measure of damages. This should have been the issue submitted, if there was evidence relative thereto, or there should have been appropriate explanation that this was the measure of damages. St. Louis, S. W. Ry. Co. v. Hill Bros., Tex.Civ. App., 58 S.W.2d 861.

Even though it does somewhat prolong this opinion, one other matter should be mentioned.

We deem the argument complained of improper, and hold that same presents reversible error. There was no evidence in the record to show that other delivery boys in the town drove fast and when they violated the law in this respect pleaded guilty and paid fines. If evidence as to such matter had been tendered it would, upon objection, no doubt, have been rejected. Gulf Casualty Co. v. Archer, Tex.Civ.App., 118 S.W.2d 976; 41 Tex.Jur. p. 74, Secs. 57-58.

The case is reversed and remanded.