Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-12-00223-CV

Cherie A**. ABSHER**,
Appellant

v.

Michael **ZIMMER** and Erin Zimmer,
Appellees

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 10-2265-CV
Honorable Dwight E. Peschel, Judge Presiding

Opinion by:   Sandee Bryan Marion, Justice

Sitting:       Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Rebecca Simmons, Justice

Delivered and Filed:  December 5, 2012

AFFIRMED

In the underlying lawsuit, appellant alleged a variety of causes of action against appellees for personal injuries she alleged she sustained when she was attacked by appellees' dog while inside her garage.  Appellees filed a traditional summary judgment motion and a no-evidence summary judgment motion on all of appellant's claims.  Without stating the basis for its order, the trial court rendered summary judgment in favor of appellees.  We affirm.

**DISCUSSION**

On appeal, appellant challenges only the summary judgment rendered on her negligence per se claim. Appellant alleged she was in her garage when appellees' dog ("Bruiser") appeared, exhibited aggressive behavior, growled at her, and bared its teeth. Appellant said she jumped up onto her car and then jumped from her car toward the garage entry to her house. As she landed on the ground, her head and body hit the door frame, injuring her face, neck, and back. Bruiser also killed appellant's tabby cat. In her negligence per se claim, appellant relied on the Guadalupe County Animal Control Ordinance, which makes it "unlawful for the custodian of any dog . . . to let such an animal run at large." GUADALUPE COUNTY, TEX., ANIMAL CONTROL ORDINANCE No. 001, § 5.01. The ordinance requires that all "dogs . . . be restrained when they are not on the custodian's property or on private property with permission of the property owner, or property owner's agent." *Id.* Appellant asserted that on the day of the alleged attack, appellees violated this ordinance, and are, therefore, negligent per se.

Negligence per se is the doctrine that allows courts to rely on a penal statute to define a reasonably prudent person's standard of care. *Moughon v. Wolf*, 576 S.W.2d 603, 604 (Tex. 1978); *see Reeder v. Daniel*, 61 S.W.3d 359, 361-62 (Tex. 2001). "To establish negligence per se, a plaintiff must prove: (1) the defendant's act or omission is in violation of a statute or ordinance; (2) the injured person was within the class of persons which the ordinance was designed to protect; and (3) the defendant's act or omission proximately caused the injury." *Ambrosio v. Carter's Shooting Ctr., Inc.*, 20 S.W.3d 262, 265 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

Similar city ordinances have construed an animal running at large as "when [it is] off the premises of its custodian within the city limits with the consent or acquiescence of such

custodian, or by reason of such custodian's negligence, when it is not under the immediate control of anyone." *Ellis v. Lewis*, 142 S.W.2d 294, 296 (Tex. Civ. App.—El Paso 1940, no writ) (construing city ordinance forbidding animals, in this case a horse that ran onto a roadway, from running at large); *Searcy v. Brown*, 607 S.W.2d 937, 940 (Tex. App.—Houston [1st Dist.] 1980, no writ) (quoting with approval to *Ellis* in case involving dogs running on their owner's property).

The ordinance at issue here utilizes the term "to let," which is not defined in the ordinance; therefore, we give it its common meaning. *See* TEX. GOV'T CODE ANN. § 311.011(a) (West 2005) (terms not specifically defined by statute are construed according to rules of grammar and common usage). Dictionaries determine a word's common use. "Let" means "1: to cause to: MAKE; 3: to give opportunity to whether by positive action or by failure to prevent <live and let live>; 5: to permit to enter, pass, or leave <let them through>." WEBSTER'S NINTH COLLEGIATE DICTIONARY 1683 (1983) (examples omitted following definitions 2 and 4).

In their motion for summary judgment, appellees conceded appellant is within the class of persons the ordinance was designed to protect. In their traditional motion for summary judgment, appellees asserted they did not violate the statute, and even if they violated the statute, appellant could not show their alleged negligence caused her injuries because they did not have actual or constructive knowledge of Bruiser's propensity for violence. As summary judgment evidence, appellees attached (1) the deposition testimony of a neighbor who said he heard fireworks in the area the night before the incident; and (2) Michael Zimmer's affidavit in which he stated he owned Bruiser, Bruiser was kept in the backyard which was fenced with a locked gate, Bruiser had never before escaped the backyard, and the day of the incident someone set off fireworks in a nearby open lot and this scared Bruiser who pushed at the bottom of the gate and

forced it open in order to escape the noise. In their no-evidence motion, appellees asserted there was no evidence they committed any act or omission with respect to Bruiser.

In response to a no-evidence motion for summary judgment, the non-movant must produce summary judgment evidence raising a genuine issue of material fact to defeat the summary judgment. TEX. R. CIV. P. 166a(i). A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of a challenged element is produced. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

In her response to both motions, appellant asserted there was "clear evidence" the ordinance was violated because Bruiser was not on appellees' property, Bruiser was on her property, and he was not restrained by a leash. Other than these allegations, appellant pointed to no evidence that appellees "by positive action or by failure to prevent" let Bruiser run at large or otherwise permitted Bruiser to run at large.[1] Therefore, appellant did not carry her burden of raising a genuine issue of material fact to defeat a no-evidence summary judgment on the issue of whether Bruiser was at large with appellees' consent or because of appellees' negligence. Accordingly, appellees were entitled to a no-evidence summary judgment in their favor. Because appellant failed to produce more than a scintilla of evidence to meet her burden, there is no need to analyze whether appellees' proof satisfied the burden for a traditional summary judgment under Rule 166a(c). *Id.*; *see* TEX. R. CIV. P. 166a(c) (stating burden for traditional summary judgment).

---

[1] On appeal, appellant also contends Bruiser had escaped appellees' property on at least one prior occasion. Appellant did not point to this evidence in her response before the trial court; therefore, we do not consider it on appeal in determining whether appellant met her burden.

## CONCLUSION

We overrule appellant's issue on appeal and affirm the trial court's summary judgment in favor of appellees.

Sandee Bryan Marion, Justice