## BIRD, SHAVER & CO. v. McCOY & BISHOP.

1. Partnership: SET-OFF. A firm, upon being sued, may plead, as a set-off, a claim growing out of transactions had, nominally, between plaintiffs and said firm and certain individuals, when it appears that such individuals, though their names were not set out in that of the firm, were *in fact* interested in and really partners and members thereof, and as such, interested in the transactions with defendants, which formed the basis of plaintiffs claim.

*Appeal from Mills District Court.*

MONDAY, JULY 8.

SUIT on an account; defense, set-off and counter claim. Trial to a jury and verdict for defendants upon their set-off, etc. The plaintiffs appeal.

*Dews & Watkins* for the appellants.

*Robert Percival* and *D. H. Solomon* for the appellees.

COLE. J.—The plaintiff's suit is upon an account for money had and received by the defendants from certain debtors of the plaintiffs; and it is credited with three thousand dollars, as of date prior to any debit items; the balance due plaintiffs, as per their account, is five hundred and ten dollars. The defendants, for answer, deny that they owe plaintiffs any thing, and aver that plaintiffs owe them nine hundred and fifty dollars. By amendment of their answer, they admit the receipt of the money as claimed by the plaintiffs, and set up certain other dealings between plaintiffs and themselves in relation to hogs, cattle, corn, etc., whereby the plaintiffs became indebted to defendants in the sum aforesaid. To these answers, there was a reply filed by plaintiffs, denying defendants' claim, and averring that the alleged transactions in relation to hogs, cattle, corn, etc., were had with defend-

ants and Wm. Tilden and Newton McBeath; and they had made full settlement thereof. Thereupon the defendants filed an additional amendment to their answer, in which they alleged that, in all the transactions, as well those which formed the basis of plaintiffs' claim, as those set out by defendants, the said Tilden and McBeath were connected with defendants as partners; that said Tilden and McBeath furnished the money and were to share in the profits and losses, but had nothing to do with the purchasing of the property, etc. The plaintiffs then moved the court to strike the amendment to defendants' answer from the files, because, first, the allegations constitute no defense in law, for that Tilden and McBeath are not parties defendants; and, second, the matters alleged cannot be set up, unless Tilden and McBeath are defendants to the action. The court overruled this motion and plaintiffs excepted; the cause was then tried upon the issues to the jury, who returned a verdict of one hundred and sixty dollars for the defendants.

The only error assigned or exception taken, is as to the overruling of plaintiffs' motion to strike the amendment to defendants' answer from the files. The question discussed by the respective counsel, under this assigned error, is as to the right of the defendants to use the claim of McCoy & Bishop and Tilden and McBeath as a set-off, counter claim or cross demand, in the suit against McCoy & Bishop.

There is, to our mind, at least one satisfactory ground upon which the ruling of the court below may be sustained. The plaintiffs sued the defendants upon a claim growing out of certain transactions; the defendants, by way of set-off or counter claim, allege a demand against plaintiffs, growing out of an alleged continuance of the same or other transactions between them; the plaintiffs reply

Bird, Shaver & Co. v. McCoy & Bishop.

that these continued or other transactions were between plaintiffs on the one part, and defendants and two others on the other part. The defendants then, by amendment, allege that all the transactions were between the same parties, and that they were had by and with the defendants, but really for the benefit of themselves, and the two others jointly and as partners. These pleadings, when taken together and fairly construed, show that the firm name by which defendants were sued, included, as to the transaction in litigation, not only the persons whose names were mentioned in the firm name, McCoy & Bishop, but also the other two persons who furnished the capital and were equally interested in the partnership transaction. In this view, Tilden and McBeath were, by the plaintiffs, actually sued as parties defendant in the action, all being included in the firm name of McCoy & Bishop; and, therefore, the grounds of the motion were not true in fact, and hence it was properly overruled. There is no question made as to the manner of making the objection to the pleading, by motion to strike, instead of demurrer. The only question made is as to the sufficiency or competency of the amendment; and, in determining this, the allegations of the amendment should be taken as true. Now, if it be true, as alleged by the amendment, that plaintiffs' cause of action was against McCoy & Bishop, and Tilden and McBeath, it is very equitable, as well as legal, that a cause of action in their favor against plaintiffs should be used as a set-off to plaintiffs' claim against them.

It is proper to add that the more legitimate method of taking advantage of the objection made by the plaintiffs to the amendment in this case, if it had been vulnerable to the objection, would have been by demurrer, rather than by motion to strike it from the files.

Affirmed.