GULF, COLORADO & SANTA FE RAILWAY
COMPANY V. E. C. OGG.

No. 676.

1. **Depot Grounds Need Not be Fenced.**—By almost universal construction of statutes requiring railways to fence their tracks, it has been established as law, that they are not required to fence such places as public necessity or convenience requires should be left open; and depot and station grounds are such places, and are not required to be fenced; and the court below erred in submitting to the jury the question of fact, whether the switches at the station could have been fenced without inconvenience to the public.

2. **Case Distinguished.**—Railway v. Koska, 4 Texas Civil Appeals, 668, from Railway v. Wallace, 2 Texas Civil Appeals, 271.

3. **Case Limited.**—Railway v. Adams, 24 Southwestern Reporter, 834.

4. **Liability for Animal Killed on Depot Grounds.**—The burden of proof is on the defendant to show that the place where the stock was killed is not required to be fenced, and this it does when it proves that such place was its depot grounds; and defendant was not liable for the killing of the horse in question there, unless its servants were guilty of negligence.

5. **Inadmissible Evidence.**—Evidence that other animals had at other times been killed at the point where the horse in question was killed, is inadmissible.

APPEAL from Austin.    Tried below before Hon. S. R. BLAKE.

*J. W. Terry* and *Chas. K. Lee*, for appellant.—1. The court erred in refusing to give, when requested by defendant, its second special charge, as follows: "The defendant is not required to fence its track at depot and adjacent grounds, and if the place of accident was adjacent to depot grounds, and at a place where defendant received and delivered freight, then defendant is not required to fence its track, and would not be liable for failure of fencing its track at said point, and can only be held responsible for negligence by its employes running said train." Rev. Stats., arts. 4226, 4239; Railway v. Wallace, 21 S. W. Rep., 973; Swanson v. Melton, 17 S. W. Rep., 1088; Railway v. Cocke, 64 Texas, 154; Railway v. Dunham, 68 Texas, 232; 7 Am. and Eng. Encyc. of Law, 911; Pierce on Rys., 421, and cases cited; 1 Redf. on Rys., 522; McGrath v. Railway, 22 Am. and Eng. Railway Cases, 574; Stewart v. Railway, 28 N. E. Rep., 211; Heckdoldt v. Railway, 15 N. E. Rep., 686.

2. Whether the other cattle may or may not have been killed at the point where the plaintiff's cattle was killed was wholly immaterial and irrelevant to this case, and the admission of such evidence was calculated to prejudice the defendant.

*Bell & Shelburne,* for appellee.—1. The court did not err in refusing to give the special instruction as set out in first proposition. The requested charge, so far as applicable to the facts in this case, was given by the court in its general charge, as follows: "If a railway company does not fence its road at a place where it is not lawful to fence it, or where public necessity or convenience require that it be left unfenced, as the streets of a city or town, depot and contiguous grounds, the crossing of highways, and other like places, then it will only be liable in cases of injury resulting from the want of ordinary care in running its locomotives and cars." The evidence shows that the horse was killed at a point on defendant's road where the road was not fenced, and where public convenience or necessity does not require it to be left unfenced. Railway v. Koska, 4 Texas Civ. App., 668; Railway v. Adams, 24 S. W. Rep., 834; Railway v. Simpson, 2 Willson's C. C., sec. 670.

2. The court did not err in admitting the testimony of witnesses Tomlinson and Hellmuth, to the effect that other stock had at different times been killed at the same point on defendant's road. This evi-

dence was admissible as a circumstance in the case, in connection with the other facts proven, to show negligence on the part of the trainmen in killing the horse. Railway v. Kuehn, 2 Texas Civ. App., 218, 219; Railway v. Donaldson, 11 S. W. Rep., 164; Railway v. Hertzig, 22 S. W. Rep., 1014; Railway v. Barker, 21 S. W. Rep., 347.

WILLIAMS, ASSOCIATE JUSTICE.—The evidence showed conclusively that the animal, for the killing of which appellant was held liable, was killed within the switch limits, at its depot in the town of Bellville, the county seat of Austin County. By law, railway companies are not required to fence their "depot and contiguous grounds." Railway v. Cocke, 64 Texas, 151; Railway v. Dunham, 68 Texas, 232; Railway v. Wallace, 2 Texas Civ. App., 271.

By a construction, almost universal, of statutes requiring railways to fence their tracks, it has been established, as the law, that they are not required to fence such places as public necessity or convenience requires should be left open; and that depot and station grounds are such places. It is unnecessary for us to review or restate the reasoning upon which this conclusion has been based. It is sufficient to say, that when it has been shown that the animal was killed upon the tracks within the station or depot grounds, it results, that such place is not required to be fenced.

The court below erred in submitting to the jury, as a question of fact, whether or not the switches at the station could have been fenced without inconvenience to the public. Under the law, the defendant was not required to fence them in. Railway v. Campbell, 7 Am. and Eng. Ry. Cases, 546; Stewart v. Railway, 28 N. E. Rep., 212; McGrath v. Railway, 22 Am. and Eng. Ry. Cases, 576; Davis v. Burlington, 22 Iowa, 549; Schooling v. Railway, 13 Am. and Eng. Ry. Cases, 536; Moses v. Railway, 42 Id., 555; 7 Am. and Eng. Encyc. of Law, 911.

In these authorities, the cases upon the subject will be found fully cited.

The decision of this court in the case of Railway v. Koska, 4 Texas Civil Appeals, 668, was not intended to overrule or qualify the decision in the Wallace case. In the Koska case, the decision was in substance, that the evidence did not bring it within the rule in the Wallace case, in that it did not show that the animal was struck upon the depot or station grounds.

Nor does the decision in the case of Railway v. Adams, 24 Southwestern Reporter, 834, conflict with our ruling. It simply holds, that the mere fact that an animal is killed within the limits of a town, and between two streets, does not establish the exemption claimed by defendant from the statutory duty of fencing its track. The reason why this is so is stated in Railway v. Cocke and Railway v. Dunham, supra, and consists in the well known fact, that in many incorporated towns there are places where the road can, as in the country, be fenced without inconvenience to any one. Such is not the case with depot grounds.

Their uses are such as have been deemed inconsistent with the existence of any duty to place around them such obstructions to free access as fences. The burden, it is true, is on defendant to show that the place where stock is killed is such a place as it is not required to fence; but it shows this when it proves that such place was its depot or its station grounds. It follows, that defendant was not liable for the killing of the horse, unless its servants were guilty of negligence. If we correctly understand the statements of the witnesses, there was no evidence of a failure on the part of those operating the engine, by which the animal in question was killed, to give the statutory signals for the road crossing beyond the place of collision. One of them swears that such signal was given, but says further: "No signals were given, no attempt made to save striking the horse, as he was not seen until on the track in front of the engine.' Another witness says: "There was no signal given, no attempt made to stop the train, as I saw no chance for it." These statements about signals seem to refer to signals that were not given to frighten the horse from the track, and not to the crossing signals. This can be easily cleared up at another trial. Unless there should be evidence of a failure to give the signals for the crossing, the statutory provision on the subject should not be given in charge.

It was error, also, to admit the evidence concerning the killing of other animals at this point. The killing of one animal is not evidence that there was negligence in the killing of another at a different time. The ruling in cases where evidence of other fires besides the one in question, set by defendant's engines, does not apply. In those cases, the condition of the engines was in question, and the proof was admitted as circumstantial evidence to meet testimony offered by the defendant as to the condition of the appliances in use to prevent the emission of sparks. Here, the question was not of that character, but the inquiry was addressed to the conduct of those operating the train on this particular occasion.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 25, 1894.