ST. LOUIS, BROWNSVILLE & MEXICO RY. CO. v. E. L. BLAIR.

No. 5697. Decided June 10, 1931.
(39 S. W., 2d Series, 826.)

*Proctor, Vanderberge, Crain & Mitchell,* for appellant.

This suit was brought and liability sought to be established under article 6402 of the Revised Civil Statutes.

The numerous decisions of our courts construing article 6402 have established comprehensive and well defined rules of law which govern the question of liability in suits such as the present one. These rules have been re-stated briefly and concisely by the Commission of Appeals (Section A) speaking through Justice Bishop in the recent case of St. Louis Southwestern Railway Company et al. v. Buice, 275 S. W., 996.

The rules enunciated above are based upon a sound public policy and a universal construction of the statute. They are no longer open to question.

The uncontroverted testimony in the present case shows conclusively that the two cows belonging to Mr. Blair were killed within the open switch limits of appellant at Lolita. Every witness interrogated on this point testified that the place of the accident was between the south passing switch stand and the Lolita depot, said place being some 600 feet east of the cattle guard which separated the open station grounds from the fenced right-of-way of appellant. This was a place the appellant was under no duty to fence. Therefore, article 6402 had no application, and it devolved upon the appellee to prove negligence on the part of appellant in the operation of its train in order to recover from appellant. Yet no evidence of any such negligence was offered by appellee, and there was no evidence of any sort introduced on the trial which charged the appellant with such negligence. Under these facts and this testimony the trial court should have directed judgment for appellant. I. & G. N. Ry. Co. v. Dunham, 68 Texas, 231; I. & G. N. Ry. Co. v. Cocke, 64 Texas, 151; St. Louis Southwestern Ry Co. v. Buice (Texas Com. App.), 275 S. W., 996; Gulf, C. & S. F. Ry. Co. v. Taylor (Texas Com. App.), 277 S. W., 96; Gulf, C. & S. F. Ry. Co. v. Blankenbeckler, 35 S. W., 331.

*Rose & Sample* and *J. W. Wheeler,* for appellee.

The court did not err in rendering judgment for the plaintiff because, this being an action against a railroad company for the killing of cattle by trains running over their lines, the liability of the railway company is fixed since it was shown that their right-of-way fence was defective and that the cattle which were killed by the moving train of the appel-

lant railway company entered through said defective fence, even though the actual killing occurred within the switch limits of a town, a place where the railway company was not required to fence.

The negligence of the railway company in permitting its right-of-way fence to get out of repair was the proximate cause of the killing of the cows. 35 Cyc., page 1181.

While there have been no Texas cases, so far as we have been able to find, which decide squarely the exact point which is here involved, we have found a few cases which discuss the law applicable to this class of cases which are in accord with the law as laid down by Cyc. above quoted. I. & G. N. Ry. Co. v. Cocke, 64 Texas, 151; Mo. Pac. Ry. Co. v. Dunham, 4 S. W., 472; Sappington v. Chicago & A. Ry. Co., 69 S. W., 32; Kimball v. St. L. & S. F. Ry. Co., 73 S. W., 224; Creason v. M. K. & T. Ry. Co., 133 S. W., 57.

MR. COMMISSIONER SHARP delivered the opinion of the court.

This is a certified question from the Court of Civil Appeals of the First Supreme Judicial District. The statement and question read as follows:

"In the above styled cause now pending in this court on appeal from the County Court of Jackson County, being unable to reach any satisfactory conclusion upon the question of law presented by the appeal, and the case being one of which the jurisdiction of this court is final, we deem it advisable to certify for your decision the question hereinafter propounded which arises upon the following statement of facts disclosed by the record.

"The suit was brought by appellee for the recovery of the value of two cows owned by him which were killed by a train operated by appellant Railway Company, and for an additional $20.00 as a reasonable attorney's fee.

"The plaintiff alleges that his cows were killed by a train on defendant's railway, near the town of Lolita in Jackson County, which was being negligently operated by defendant's employees, and that the cows entered upon the defendant's right of way from plaintiff's pasture through a fence enclosing defendant's right of way which defendant had negligently failed to keep in repair.

"The defendant answered by general demurrer and general denial.

"The cause was submitted to the jury upon special issues, in response to which the jury found that the right of way fence through which the cows entered upon the defendant's right of way and the cattle guard west of the town of Lolita over which the cows passed on entering the switching yards of defendant at said town where the cows were struck and killed by the train, were negligently maintained by the defendant in that they were not in such condition as under ordinary circumstances would effectually turn cattle of ordinary disposition and docility.

"There was no evidence of any negligence in the operation of the train by which the cows were killed.

"The undisputed evidence shows that the cows were killed in the switching yards of defendant, six hundred feet east of the cattle guard over which they emerged from the fenced portion of defendant's right of way.

"Upon this statement of the pleadings and evidence we respectfully certify for your decision the following question:

"Can the negligence of the defendant in the maintenance of its right of way fence and the cattle guard adjacent to its switching yards be deemed the proximate cause of the death of the cows, and entitle plaintiff to recover their value from defendant?"

The salient facts of this case are that the two cows in controversy entered upon the right of way of the railroad from plaintiff's pasture through a fence inclosing the railroad right of way which the railroad had fenced in compliance with article 6402, R. S., 1925, and had negligently failed to keep in repair. It is also shown that the cows passed out of the right of way fence over a defective cattle guard and were killed in the switching yards of the railroad by a train operated by the employees of the railroad company.

Article 6402, R. S., 1925, reads as follows: "Each railroad company shall be liable to the owner for the value of all stock killed or injured by the locomotives and cars of such railroad company in running over their respective railways. Such liability shall also exist in counties and subdivisions of counties which adopt the stock law prohibiting the running at large of horses, mules, jacks, jennies and cattle. If said company fence its road it shall only be liable for injury resulting from a want of ordinary care."

The precise question presented by the record now before us is whether in the present case the failure of the railroad company to maintain along its right of way a fence or fences sufficient to turn stock, renders it liable in damages to plaintiff because of the killing of the cows which occurred on its right of way where the law did not require its grounds to be fenced.

The answer turns upon the question: Was the negligence of the railroad company in failing to keep its fence in repair, as required by law, and permitting the two cows to leave the pasture and pass on the right of way and thence through a defective cattle guard to the switch yards not required to be fenced where they were killed by the train of defendant, the proximate cause of the injury to the cattle?

It is plain that the purpose of the statute was to give immunity to railroads for the killing of animals upon the right of way required to be fenced, solely upon the condition that the railroad company had fenced its right of way. The statute says "if the railroad company fence its road" and nothing is said in the statute about maintaining the fence, but

it is clearly imputed that the duty to maintain the fences in a legal condition is as clearly imposed as the duty of constructing them. Texas Central Railway Co. v. Pruitt, 101 Texas, 548, 109 S. W., 925. The Supreme Court in rendering the opinion in that case said:

"It was certainly not intended that a railroad company could secure the immunity of the statute by making a fence one day and permitting it to get out of repair the next. Neither is the kind or character of the fence defined. But to fence against live stock clearly means so to inclose the land by an obstruction as to prevent the ingress and egress of such stock."

This rule is affirmed in the case of Texas & Pacific Ry Co. v. Webb, 102 Texas, 210, 114 S. W., 1171-1174. In that opinion Judge Williams says: "The liability of the company is therefore absolute unless it had complied with the requirements of the law as to fencing its track. The evidence shows that there was an opening in the fence through which the horse passed and does not show that it was one which the company was required by law to make. The liability must be held to be the same as if the track had not been fenced at all at that place. Texas Cen. Ry. Co. v. Pruitt, 101 Texas, 548, 109 S. W., 925."

In 52 C. J., sec. 1561, page 76, the following rule is announced:

"To entitle plaintiff to recover under statutes making railroad companies liable for injuries to animals occasioned by a failure to construct or maintain fences or cattle guards, it must appear that the failure to do so caused or directly contributed to the injury complained of. The absence of a fence, or wing fence, or cattle guard, at the place of the injury is not the proximate cause of the injury if the animal did not enter there but came upon the track at some other point where the road was properly fenced or was not required to be fenced. * * * But a failure to fence is the proximate cause if the animal got upon the track at the point where it should have fenced, although injured at a point where no such breach of duty is shown to exist, or after passing over a point in the track where there should have been a cattle guard and was not."

In passing upon a similar statute, the Supreme Court of Ohio in the case of Hocking Valley Ry. Co. v. Phillips, 81 Ohio St. Rep., 453, 91 N. E., 118, 29 L. R. A. (N. S.) 573, says:

"It was neither the design, nor is it the effect, of this statute to make the railroad company liable for all injuries, regardless of where or how they may occur, which would not have occurred but for the failure of the company to construct and maintain sufficient fences. Under this statute, we think, the liability of a railroad company for injuries to stock going upon its right of way in consequence of the company's neglect to construct and maintain proper fences is a liability for such damages only as result from injuries received upon its right of way as the direct and natural consequence of the absence of sufficient and proper fences. In

other words the duty of the railroad company under this statute has relation only to dangers upon its own right of way."

Applying the foregoing rules to the facts certified, we think the liability of the railroad company for injuries to stock in going upon its right of way as a consequence of the railroad's neglect to construct and maintain fences as required by statute and then if the stock stray to a point of the right of way not required by law to be fenced, and are killed or injured by a train operated by the railroad, is limited to such damages only as result from injuries received on the right of way as a consequence of the failure to maintain a legal fence.

The place of entry is important in determining whether or not the failure to maintain the fence is the proximate cause of the injury. If the company is required to fence at the point where the cattle enter the right of way and thereafter stray along the right of way across a defective cattle guard until injured by a train operated by the railroad at a place not required to be fenced, it cannot be said, as a matter of law, that the negligence of the company in not maintaining a legal fence at the point of entry is not the proximate cause of the injury to the stock. In our opinion, it is an issue of fact to be determined under all the evidence.

The rule announced in the following cases: St. Louis, Southwestern Ry Co. v. Buice (Texas Com. App.), 275 S. W., 996; Railway Co. v. Ogg, 8 Texas Civ. App., 285, 28 S. W., 347; Railway Co. Blankenbeckler (Texas Civ. App.), 35 S. W., 331, and other similar cases, is not controlling. In those cases the rule was correctly announced that if the injured animal entered at a place like the depot grounds and switching limits, which the railroad was not required to fence, no recovery can be had. In those cases the negligence of the railroad company in not constructing and maintaining a fence as required by law at the point where the cattle entered the right of way of the railroad company was not involved.

We answer the question "Yes."

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

C. M. CURETON, Chief Justice.