### ST. LOUIS, B. & M. RY. CO. v. BLAIR.

#### No. 9454.

Court of Civil Appeals of Texas. Galveston.

July 22, 1931.

On Rehearing Oct. 20, 1931.

Proctor, Vandenberge, Crain & Mitchell, of Victoria, for appellant.

Rose & Sample, of Edna, and J. W. Wheeler, of Austin, for appellee.

PLEASANTS, C. J.

In a motion for rehearing, counsel for appellant very earnestly and forcibly insist that we are not authorized to affirm the judgment of the trial court upon the answer of the Supreme Court to the question certified to that court [39 S.W.(2d) 826], because the controlling issue in the case was not the question of proximate cause, but was whether, under article 6402 of the Revised Civil Statutes (1925), appellant. upon the facts found by the jury, could be held liable for the death of appellee's cows which were not killed by any negligence in the operation of appellant's train, and the place at which they were killed was not one where appellant was required to fense its right of way to relieve itself from liability under the statute cited for stock killed upon its track.

The case originated in the justice court of precinct No. 1 of Jackson county. In the written complaint made in the justice court the plaintiff thus stated his cause of action:

"The value of two cows killed by a train of cars negligently operated by defendant over its right-of-way through Jackson County. Texas, about one-third of a mile from the Town of Lolita in said County on or about the 7th day of January, 1929, said cows having strayed from pasture of plaintiff. on to said right-of-way through the right-of-way fence of defendant, which defendant then and there had negligently and unlawfully failed to keep up and repair, $150.00.

"To the reasonable attorney's fee for the prosecution of this suit, said claim having been presented in writing for payment more than thirty (30) days before the date of the filing of this suit and payment declined by defendant, $20.00."

There was no amendment of the pleading on the trial de novo in the county court.

The issues submitted to the jury on the trial in the county court and the answers of the jury thereto, were as follows:

"Interrogatory Number 1: On or about January 8, 1929, did a train of defendant come in contact with and kill two cows, belonging to plaintiff at or near Lolita, in Jackson County, Texas? Answer: Yes.

"Interrogatory Number 2: What was the

market value immediately before being killed, of plaintiff's two cows killed at or near Lolita on or about January 8, 1929? Answer: $150.00.

"Interrogatory Number 3: Did the animals get upon the track at the point where they were killed by coming through the right-of-way fence west of the first cattle guard, next to the Lolita Depot, or by getting out of the pasture at some other point? Answer: We have agreed that the cattle came through the right-of-way fence west of the first cattle guard.

"Interrogatory Number 4: If in answer to the Question Number 3 above, you find that the cattle got upon the track at the point where they were killed by coming through the right-of-way fence west of the first cattle guard, then was said fence in such condition as under ordinary circumstances to effectually turn cattle of ordinary disposition and docility? Answer: No.

"Interrogatory Number 5: What sum, not to exceed $20.00, is a reasonable attorney's fee for plaintiff's attorney in this case? Answer: $20.00."

The answer of the Supreme Court to the question certified, as we interpret it, is an unequivocal announcement of the rule of decision that in a case of this kind the negligence of the railway company in failing to keep the fence inclosing its right of way in proper repair can be held to be the proximate cause of the killing of stock on its track that entered thereon through such insufficient right of way fence, and the railway company in such case is liable, under article 6402 before cited, for the value of the stock so killed, notwithstanding the fact that at the place of the killing the railway was not by said statute required to fence its right of way to relieve itself of liability for the killing of stock on its tracks not caused by the negligent operation of its trains.

It seems clear to us that the complaints voiced in the motion should have been made to the Supreme Court by a motion for rehearing filed in that court.

As we understand the opinion of the Supreme Court on the certified question, the points urged in the motion are foreclosed against appellant, and we are not authorized to now decide the question contrary to holding of the Supreme Court.

Our former memorandum opinion affirming the judgment of the trial court is inaccurate in some of its statements, and for that reason it is withdrawn.

The jurisdiction of this court being final in the case, no written opinion of affirmance is required to be filed.

What we have above said in discussing the motion for rehearing sufficiently discloses the grounds upon which the judgment of affirmance is rested.

As above indicated, the motion is refused.