706

GULF, C. & S. F. R. CO., Inc. v. MATLOCK.

No. 9997.

Court of Civil Appeals of Texas. Austin.

Dec. 5, 1951.

---

F. K. Dougharty, Liberty, Wigley, Mc-Leod, Mills & Shirley, by Robert W. Alexander, Galveston, for appellant.

Malcolm Cohn, Cleveland, for appellee.

GRAY, Justice.

Appellee sued appellant for the value of a cow owned by him and killed by one of appellant's trains, and for an attorney's fee. The accident occurred on a public road crossing over appellant's right of way.

The evidence is undisputed that prior to the accident appellant's right of way had been fenced and cattle guards placed at the public road crossing. At the time of the accident, and for some time prior thereto, the fences for a considerable distance from the crossing were in such state of repair that livestock grazed at will upon the right of way. Also, trucks and wagons hauling railroad ties proceeded along and across the right of way without regard to the fences. The cow was struck at about 10:30 p. m. while in the public road crossing, she was knocked through the cattle guard and came to rest on the right of way about twenty feet from the crossing where she was found dead the next morning by appellee's neighbor. The only witnesses who testified as to how the accident occurred were the engineer and fireman on the train. Both said that the crossing was approached with the lights on the engine burning; that the whistle was blown and the bell was ringing; that they saw the cow as she came on the crossing but that nothing could have been done to avoid the accident; that the cow was struck on the crossing and knocked through the cattle guard. This testimony was not disputed and there is no dispute as to the condition of the fences along the right of way.

Appellee has not favored us with a brief, but his pleadings show that he sought a recovery because of appellant's failure to maintain the fences along its right of way, and, as alleged in the petition, because appellant " * * * has permitted said fences to get and become in a state of disrepair to the extent that the fence was not a fence at all." In the alternative, appellee alleged that if there was no absolute liability on the part of appellant for the killing of the cow then appellant was guilty of negligence and of a failure to exercise ordinary care in permitting the fences to become in such state of repair that they would not keep cattle of ordinary docility from entering upon the right of way, and that such negligence and failure was a proximate cause of the death of the cow and the resulting damage.

A non-jury trial was had and a judgment adverse to appellant was rendered.

The trial court filed findings of fact and conclusions of law, and, among other find-

ings, found: That the cow was struck on a public road crossing; that the cattle guards and wire fences of appellant, "in both directions, for considerable distances from where the cow was killed, had ceased to exist and that cattle were permitted to roam at will upon and along the railroad track"; that the point where the cow was killed is open free range, and that appellant "is required to keep up its fences in suitable condition as to keep out ordinary docile cattle and other livestock along the right of way."

The trial court then concluded " * * * that although the cow was killed on the public crossing, it is immaterial in as much as there were no fences anywhere along this particular part of defendant's track, and therefore, the defendant would be liable whether said cow was killed on the public crossing or at some other place along the track."

Following this conclusion, the trial court made the following finding: "The Court further finds that there is no evidence to support a finding of negligence on the part of the defendant, its servants and employees, except such negligence as is hereinabove set forth."

If the cow had been struck and killed on appellant's right of way where the fences were in such state of repair as to be no fence at all, then appellant's liability would have been fixed by Article 6402, Vernon's Ann. Civ.Stat., and there would have been no question of negligence to try. Missouri K. & T. Ry. Co. v. Tolbert, 100 Tex. 483, 101 S.W. 206. However, the evidence shows, and the trial court found, that the cow was struck while in the public road crossing. Under the law appellant was not permitted to fence this crossing. Art. 6320, Vernon's Ann.Civ.Stat., and was liable only if it failed to use ordinary care. International & G. N. R. R. Co. v. Cocke, 64 Tex. 151; Schumacher v. City of Caldwell, 146 Tex. 265, 206 S.W.2d 243; Houston, E. & W. Texas Ry. Co. v. Peterson, Tex.Civ.App., 227 S.W. 747. The trial court having found that the place where the cow was killed was "open free range," appellee was not guilty of any unlawful act in permitting the cow to roam unattended.

The conclusion of the trial court above quoted cannot be sustained. Authorities, supra. And in view of the findings that the cow was struck on a public road crossing and that there is no evidence to support a finding of negligence on the part of appellant, its servants and employees, the trial court's judgment cannot stand, "for if the injury occurs at a place where there is no right to fence, then the railway company is liable only for a failure to exercise reasonable care." International & G. N. R. R. Co. v. Cocke, supra.

It appears the cause was fully developed on the trial, and in view of the evidence and the findings of the trial court, the cause will be reversed and judgment is here rendered that appellee take nothing.

Reversed and rendered.