**TEXAS & NEW ORLEANS RAILROAD COMPANY, Appellant,**

v.

**Carol W. IVEY et al., Appellees.**

**No. 5107.**

Court of Civil Appeals of Texas.

El Paso.

Oct. 5, 1955.

Kemp, Smith, Brown, Goggin & White, Tad P. Smith, Roger McDaniel, El Paso, Baker, Botts, Andrews & Shepperd, Houston, for appellant.

Dwyer, Escobar & Chew, Woodrow Wilson Bean, El Paso, for appellees.

FRASER, Justice.

This is a suit for damages by appellees (hereinafter called plaintiffs) Carol W. Ivey, R. C. Ivey, Lewis Hebler, joined pro forma by his wife Mrs. Lewis Hebler, Lennox Moore joined pro forma by his wife, Mrs. Lennox Moore, Harry Moore, Jr., joined pro forma by his wife, Mrs.

Harry Moore, Jr., against appellant (hereinafter called defendant) Texas & New Orleans Railroad Company, for the death of plaintiffs' bull, allegedly killed on defendant's right-of-way approximately one-half mile west of Finlay, Texas. Trial was had before a jury which found that defendant's employees operating the train were not guilty of negligence, but that defendant had failed to maintain a proper fence at or near the place where the bull in question was killed, and assessed plaintiffs' damage at $500 and the reasonable value of their attorney's fee at $166. Judgment for $666 was rendered against defendant based on the findings of the jury, and motion for new trial, timely filed, was denied. Hence this appeal.

Appellant has presented five points of error, the first two of which we will consider together. Point one predicates error on the submission by the court of Special Issues 4 and 5 and the rendition of judgment thereon, because these issues inquired as to the condition of the right of way fence at the point where the bull was killed, instead of where the bull entered upon the railroad right-of-way. Point two charges the court with error in refusing to submit the following special issue:

"Do you find from a preponderance of the evidence that defendant on or about November 5, 1953, maintained at the place where the bull in question entered the railroad right of way a fence which would turn livestock of ordinary disposition and docility?"

Examination of the record reveals that no witness for the plaintiffs was able to offer any evidence as to where the bull entered the right-of-way. Plaintiff Ivey testified that he had bought a bull some time previously and had placed it in the pasture adjoining the right-of-way. He states that he missed the bull, and upon checking the court house records at Sierra Blanca he found a section foreman's report dated November 5 to the effect that a bull had been killed on the right of way, and that it had two marks or cuts on the left ear, by way of identification. This discovery was made by Mr. Ivey in December, and plaintiff's testimony from himself and other witnesses does not specify any spot at which the bull came upon the right-of-way, in fact Mr. Ivey did not know the bull was dead until December, a month after this report was filed. The jury exonerated the operators of defendant's train from any negligence. Witness Corley testified for the defendant that upon being notified by the section foreman that a bull had been struck and killed by a train, and being shown the spot of the accident, and having been told that an animal had entered over a cattle guard near Finlay, that he tracked the bull from the said cattle guard some half mile along the right-of-way to the spot where it was killed. It must be borne in mind that plaintiff never saw the dead bull, and apparently had no knowledge of how the bull got on the right-of-way. That leaves the case before the jury with positive evidence from witness Corley that the bull came onto the right-of-way a half mile from where it was struck and killed. The court submitted issues 4 and 5, as follows:

"Special Issue No. 4:

"Do you find from a preponderance of the evidence that Defendant, on or about November 5, 1953 maintained at or near the place where the bull in question was killed, a fence which would turn livestock of ordinary disposition and docility. Answer 'Yes' or 'No'. No.

"If you have answered the preceding question 'No' then, but not otherwise, answer question No. 5.

"Special Issue No. 5:

"Do you find that the failure to maintain such a fence, if you have so found, was a proximate cause of the bull's death. Answer 'Yes' or 'No.' 'Yes'."

The court then refused to give defendant's requested Special Issue as set forth above.

9ms

We think appellant's first point is well taken. Article 6402, V.A.C.S., states that a railroad shall only be liable for livestock killed or injured for want of ordinary care where it has fenced its railway. This means, we think, in the absence of lack of ordinary care that the railroad will not be liable if it encloses its right-of-way with a fence sufficient to turn livestock and keeps said fence in proper repair. Conversely, the railroad would be liable where stock got upon the right-of-way through some fault in the fence. However, we believe the real test is the condition of the fence at the point of entry. It is clear that if a plaintiff's livestock entered upon the right-of-way through a faulty bit of fencing or cattle guard maintained by the railroad, and then wandered to a spot where the fence was in perfect condition and was there killed, the railroad ought to be and would be liable, as the condition of the fence at the point of entry would be the proximate cause of the injury to the stock. Of course the converse of the rule would be equally applicable—in other words, if an animal got on the right-of-way through no fault of the railroad, but was killed at a point where the fence was not in good condition, the poor condition of the fence at the scene of the accident would not be the proximate cause of the accident, because the livestock had not entered there. We think, therefore, that issues 4 and 5 were improper submissions. Accordingly, appellant's first point is sustained. St. Louis, B. & M. R. Co. v. Blair, 120 Tex. 586, 39 S.W.2d 826; 52 C.J. § 1561; 74 C.J.S., Railroads, § 470; 44 Am.Jur. § 579.

With regard to appellant's second point, the only evidence in the record is that which suggests that the bull entered the right-of-way over a cattle guard. We fail to find any evidence of the bull entering through the fence. This being true, there would have been no point in the court's submitting the requested issue as set forth on page 2 of this opinion. Point 2 is therefore overruled.

Appellant's third point complains of the failure of the trial court to submit the following issue:

"Do you find from a preponderance of the evidence that the bull killed on the railroad right of way on November 5, 1953 entered such right of way through the public road crossing the railroad tracks by the Finlay section house? Answer 'Yes' or 'No'."

We think this point is well taken, as witness Corley testified as to this fact and there is sufficient evidence to warrant the submission of the issue. In line therefore with our holding on the two preceding points we think this issue should have been submitted, because there should have been a jury finding as to where the bull had entered the right-of-way. 74 C.J.S., Railroads, § 567; 44 Amer.Jur. § 579. If the bull did enter at a public crossing, then of course the railroad could not be held liable for having failed to fence, and there was evidence here in the record that the point of entry by the bull was at a public crossing. It is elementary that no one can fence or obstruct a public crossing, and this issue should therefore have been submitted, especially in view of the fact that the jury exonerated the train operators of any negligence. We therefore grant and sustain appellant's third point. Gulf, C. & S. F. R. Co. v. Matlock, Tex.Civ.App., 244 S.W.2d 706; Texas & N. O. R. Co. v. Allen, Tex.Civ.App., 251 S.W.2d 790.

Appellant's fourth point complains of the action of the trial court in excluding from the trial Roger M. McDaniel, for the reason that Mr. McDaniel was a qualified attorney and was also the representative of the defendant corporation. Plaintiffs called Mr. McDaniel as a witness and then invoked the rule, and after some discussion the court placed Mr. McDaniel under the rule with the other witnesses. Defendant protested on the two above stated grounds but was overruled. The record shows that Mr. McDaniel was a claim agent for defendant and had done much, if not most of the investigation of this incident, and

that he was a qualified attorney in the state of Texas. Defendant alleges error, because it claims it needed the services of Mr. McDaniel, both as an attorney who had signed the pleadings, and as a consultant during the process of the trial, and that he as a representative of the defendant corporation was entitled as a party to be excluded from the provisions of the rule. We think the court was wrong in both instances, but we do not find affirmative evidence of harm resulting to defendant because of this action of the court. In the absence of an affirmative showing of injury by the complaining party we do not feel that we here have authority to review an act which lay within the judicial discretion of the judge. We must therefore overrule this point. Southland Greyhound Lines, Inc., v. Matthews, Tex.Civ. App., 74 S.W.2d 713.

Appellant's fifth point alleges error on the part of the court in rendering judgment for the plaintiffs based on the jury's verdict, because the finding of the jury in answer to Special Issue No. 5 is so against the great preponderance of the evidence as to be manifestly unjust. We think this point is well taken because it will be recalled that Issue No. 5 was based on issue No. 4, and asked if the failure to maintain such a fence (meaning a fence which would turn livestock of ordinary disposition and docility) at or near the place where the bull was killed, was a proximate cause of the bull's death. In line with our disposition of the preceding points we must hold that this finding is manifestly unjust, for as we have stated, the liability of the defendant railroad should be based on the determination of the condition of the fence where the animal killed entered the right-of-way. We therefore sustain appellant's fifth point. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

For the above reasons, the decision of the trial court is reversed and this case remanded for a new trial.